[No. 18334.  Department One.—July 20, 1894.]

FRED QUINT, APPELLANT, v. JOHN McMULLEN, RESPONDENT.

QUIETING TITLE—SALE FOR DELINQUENT ASSESSMENT OF IRRIGATION DIS-
TRICT—ERRONEOUS DECREE—RESERVATION OF ADVERSE CLAIM.—In
an action to quiet title, where the defendant disclaims any other inter-
est in the land than that the lands were situated within the boundaries
of an irrigation district, and that the same were sold to the defendant
on account of an assessment, levy of a tax, and delinquent sale there-
under, for the benefit and at the instance of the irrigation district, it is
error for the court to find that plaintiff is the owner in fee, and that
there is no adverse claim of defendant to be determined in the action,
and that any rights which the defendant may have acquired through
his purchase at the delinquent sale cannot be determined in the action;
and such decree will be reversed upon appeal, with directions to the
trial court to pass upon the merits of the special defense set up by the
defendant, and thereupon to grant or deny plaintiff's demand that his
title be quieted.

ID.—APPEAL—REMEDIAL RIGHT—JUDGMENT IN APPELLANT'S FAVOR—IM-
PROPER RESERVATION.—The right of appeal is remedial in its character,
and in doubtful cases the right should always be granted; and an appeal
will be sustained where there is a reservation in the judgment by which
the appellant is necessarily aggrieved, and which in effect renders the
judgment in his favor a nullity.

APPEAL from a judgment of the Superior Court of
Glenn County.

The facts are stated in the opinion of the court.

*Maxwell, Dorsey & Soto*, and *R. A. Long*, for Appellant.

*R. Percy Wright*, for Respondent.

GAROUTTE, J.—This is an action to quiet title, and
the complaint is in the usual form.   The answer denies
that the defendant claims, or has at any time claimed,
to have or to own any estate or interest in the land, and
avers that he claims nothing as to said land, except as
disclosed by the following facts.   He thereupon alleges
that said lands are situated within the boundaries of
Central Irrigation District, and that said district is a
public corporation.   He further alleges in detail all the

steps and proceedings leading up to, and including, the sale of the aforesaid land to the defendant, and the issuance of a certificate of sale thereon to him on account of an assessment, levy of a tax, and delinquent sale thereunder, for the benefit and at the instance of the aforesaid irrigation district.

The case went to trial upon these pleadings, and the court made findings of fact to the effect that defendant had never claimed any interest in the said real estate, and that he now claims nothing respecting said land, except that on the sixteenth day of October, 1893, he purchased said land at a sale of the same for delinquent assessments, etc. As conclusions of law the court found the plaintiff to be the owner in fee; that the defendant had no estate or interest therein; that there is no adverse claim of defendant to be determined in this action; that any rights which the defendant may have acquired through his purchase at the said delinquent sale cannot be determined in this action, and that defendant is entitled to his costs.

The judgment followed the conclusions of law, and plaintiff now appeals from that portion of the judgment awarding costs against him, and also from that portion reading as follows: " That any right which said defendant, John McMullen, may have acquired by or through the purchase of said pieces or parcels of land at a sale thereof on October 16, 1893, by the collector of Central Irrigation district, for delinquent assessments on said pieces or parcels of land, levied on the same for the purposes of said district, is not in any manner affected or determined hereby." The course followed by the learned judge of the trial court in the rendition of this form of judgment is certainly somewhat out of the ordinary; and the defendant's answer is likewise a pleading of peculiar construction. Respondent now insists that plaintiff is appealing from a judgment rendered in his own favor, and that the portion of the judgment from which the appeal is taken is pure surplusage, and entirely harmless. If such be the fact, we are at a loss

to understand why defendant set up these things in his answer, for, believing as he does, he should have appeared, disclaimed any interest, and allowed judgment to be taken against him quieting plaintiff's title. But we think his contention is unsound. The only object of plaintiff's cause of action was to quiet his title against this delinquent assessment sale; and to quiet his title, expressly reserving as an open question the *status* of the property as affected by such sale, was a fruitless victory. Theoretically the judgment was in his favor; practically it decided nothing, for, after the judgment of the trial court, he knew no more as to the *status* of his realty than he did before he brought this action.

Under the foregoing circumstances we think the plaintiff has a proper appeal before the court. The right of appeal is remedial in its character, and in doubtful cases the right should always be granted. Plaintiff was entitled to a judgment without any reservations or exceptions, either refusing or granting his prayer to quiet title. The reservation in this judgment is the portion of which he makes complaint, and he is necessarily injured and aggrieved thereby, for in effect it renders the judgment in his favor a nullity. We think the principle declared in *People* v. *Gold Run D. & M. Co.*, 66 Cal. 155, justifies this appeal.

Inasmuch as the trial court expressly refrained from considering the merits of the special defense set up by the defendant, the merits of that defense are not before us for review; but it was the duty of the trial court to pass upon that question and all other questions raised by the pleadings, and to thereupon grant or deny plaintiff's demand that his title be quieted.

For the foregoing reasons, it is ordered that the judgment be reversed, and the cause remanded.

HARRISON, J., and VAN FLEET, J., concurred.