PÉREZ, PETITIONER AND APPELLANT, v. RIVERA, CONTESTANT AND APPELLEE.

APPEAL from the District Court of Ponce in Dominion Title Proceedings.

No. 2891.—Decided May 11, 1923.

DOMINION TITLE—SUBSTITUTION OF PARTIES—APPEAL.—A person who during the pendency of a dominion title proceeding acquires the property in question in satisfaction of a certain judgment in his favor and against the petitioner, has a right to intervene in the proceedings in lieu of the petitioner and to appeal from a judgment rendered against him.

ID.—ID.—EVIDENCE.—A person who opposes a petition filed by another to establish the dominion title to a property may put in evidence a notarial deed wherein the other person admitted that he held the property only in usufruct. Independently of the deed, the evidence offered by the petitioner was found not to be sufficient, especially considering that the petition had been opposed.

The facts are stated in the opinion.

*Mr. R. B. Pérez Mercado* for the appellant.

*Mr. G. Rodríguez* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In July of 1920 Baltazar Pérez instituted proceedings to establish in his favor the dominion title to a rural property. The petition was admitted, the publication of notices was ordered and within the time allowed by law, or in September of 1920, Sándalio Rivera filed an opposition to the decree prayed for, alleging that the property in question belonged to him and was held by Pérez as usufructuary only.

The case remained pending until June, 1922, when it

was called for hearing, the petitioner and the contestant appearing by their respective attorneys. After the evidence was examined the attorney for the petitioner, alleging that he was attorney for Virgilio Feliciano, filed in the name of the latter a motion that he be substituted for the petitioner because the evidence showed that he had acquired the property in litigation and was its present owner.

In the following August the court rendered judgment for the contestant. There is nothing in the judgment with regard to the substitution, but the statement of the case and opinion on which the judgment is based contains the ruling of the court denying the substitution.

At this juncture Virgilio Feliciano, "for himself and as subrogated to such rights as petitioner Baltazar Pérez might have in this action," appealed to this court, assigning error as follows: 1, In admitting in evidence a certain notarial document; 2, in denying the substitution; 3, in dismissing the dominion title proceedings.

The contestant-appellee first moved for the dismissal of the appeal on the ground that the appellant was not a party, and then opposed the assignment of errors.

Section 294 of the Code of Civil Procedure confers the right of appeal upon "any party aggrieved by a judgment." Is the appellant in this case an aggrieved party? The record shows that while the dominion title proceedings were pending in the district court the appellant brought an action against the petitioner in the proceedings and attached the property to which the petitioner sought to establish a dominion title and when he obtained judgment in his favor it was satisfied by conveyance to him under forced sale of the said property, he thus becoming the owner of the property by title subject, of course, to any right that the petitioner might have.

This being so, it follows that the appellant is the real party aggrieved by the judgment, for if the petitioner was

the owner of the property all of his rights passed to the appellant by virtue of the conveyance.

"*Aggrieved party, who is*. Any person having an interest, recognized by law, in the subject-matter of the judgment, which interest is injuriously affected by the judgment, is a party aggrieved, and entitled to be heard upon appeal. Estate of Colton, 164 Cal. 1; 127 Pac. 643. The right of appeal is remedial in its character, and in doubtful cases the right should always be granted; and an appeal will be sustained where there is a reservation in the judgment, by which the appellant is necessarily aggrieved, and which, in effect, renders the judgment in his favor a nullity. Quint v. McMullen, 103 Cal. 381; 37 Pac. 381." Fairalls's Code Civ. Pro., Part I, p. 1024.

For these reasons it is concluded that the appeal should not be dismissed and that the court should have sustained the motion for substitution. However, considering the circumstances of the case, the error of the court does not require a reversal of the judgment. The substitution was moved for after the examination of the evidence. The appellant asked for nothing in the lower court except the substitution, and we are in fact granting that by recognizing that the appellant had a right to raise the appeal, which we shall consider and decide on its merits.

The evidence offered by the petitioner to establish the dominion title consisted of the testimony of three witnesses. This testimony tends to show that the petitioner was in possession of the property as owner for many years, in the opinions of the witnesses. The witnesses also said that the petitioner purchased the property from Manuel Medina, but they knew about the purchase only from hearsay. No direct evidence of the contract was offered. The evidence of the contestant consisted of a notarial deed executed on June 7, 1922, wherein the petitioner declared that although he was in possession of the property, he was only a usufructuary tenant under Sandalio Rivera, the contestant. The

contestant's evidence having been examined, the petitioner introduced the evidence to which we have referred, that is, the document wherein it appears that while the proceedings were pending the property was conveyed to the appellant.

In our opinion the court did not err in admitting the notarial deed executed by the petitioner himself. He was at that time the interested party who appeared by his at torney to obtain a title of ownership and the deed was an admission of the said party. Accepting the declaration of the petitioner in the deed as true, the petition has no merit.

But even ignoring the deed and considering the case only on the evidence offered by the petitioner, the judgment would be justified. The testimony to which we have referred, although it must be considered as *prima facie* evidence, is too vague to warrant a judgment that the dominion title is absolutely vested in the petitioner, especially in view of the fact that the petition was contested.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.