PÉREZ, PETICIONARIO Y APELANTE, *v.* RIVERA, OPOSITOR Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito de dominio.

No. 2891.—Resuelto en mayo 11, 1923.

EXPEDIENTE DE DOMINIO—SUBSTITUCIÓN DE PARTES—PARTE AGRAVIADA POR LA SENTENCIA—APELACIÓN.—Tiene derecho a intervenir en un expediente de dominio en substitución del promovente, y a apelar de la sentencia dictada contra el mismo, una persona que mientras el expediente se tramita, obtiene que se le adjudique la finca en cuestión en pago de cierta sentencia dictada a su favor y en contra del promovente.

ID.—PRUEBA DEL DOMINIO.—Una persona que se opone a que se declare justificado el dominio de una finca a favor de otra, puede presentar como prueba un acta notarial en que esa otra persona reconoce que sólo poseía dicha finca en usufructo. Aun prescindiendo del acta, se estudió la prueba practicada por el promovente y se concluyó que no era suficiente, especialmente existiendo como existía una oposición planteada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. B. Pérez Mercado.*

Abogado del apelado: *Sr. G. Rodríguez.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

En julio de 1920 Baltazar Pérez inició un expediente para acreditar a su favor el dominio de una finca rústica. Se admitió la información, se expidieron los edictos y dentro del término de ley, en septiembre de 1920, Sandalio Rivera archivó un escrito oponiéndose a la declaratoria solicitada, ale-

gando que la finca de que se trataba era suya, poseyéndola Pérez sólo en concepto de usufructuario.

El caso quedó así pendiente hasta que en junio de 1922 fué llamado para juicio compareciendo el peticionario por su abogado y el opositor por el suyo. Se practicó la prueba y una vez terminada, el mismo abogado del peticionario, alegando serlo de Virgilio Feliciano, presentó, a nombre de éste, una moción para que se le sustituyera en lugar del promovente, por demostrar la prueba que había adquirido la finca en litigio siendo el dueño actual de la misma.

En agosto siguiente la corte dictó sentencia favorable al opositor. No existe pronunciamiento expreso en la sentencia con respecto a la sustitución, pero en la relación del caso y opinión en que la sentencia se basa se consigna la resolución de la corte declarando la sustitución sin lugar.

Así las cosas, Virgilio Feliciano "por sí y como subrogado en los derechos que en esta acción pudiera tener el promovente Baltazar Pérez" apeló de la sentencia para ante este tribunal, señalando en su alegato tres errores, cometidos: 1, al admitir como prueba cierta acta notarial; 2, al negar la sustitución, y 3, al desestimar la información de dominio.

El opositor apelado solicita en primer término la desestimación del recurso basándose en que el apelante no es parte y luego impugna los errores señalados.

El artículo 294 del Código de Enjuiciamiento Civil otorga el derecho de apelar a "cualquier parte agraviada por una resolución judicial." ¿Es parte agraviada el apelante en este caso? Los autos demuestran que mientras estuvo pendiente en la corte el expediente de dominio de que se trata y la oposición hecha al mismo, el apelante inició una acción en contra del promovente del expediente y embargó la finca cuyo dominio trató éste de acreditar y una vez que obtuvo sentencia favorable, le fué satisfecha adjudicándosele en pública subasta la finca en cuestión, quedando así convertido en

dueño de la misma, sujeto desde luego su derecho al derecho que pudiera tener el promovente.

Siendo ello así, es necesario reconocer que el apelante es la verdadera parte agraviada por la sentencia recurrida, ya que en el caso de que el promovente fuera el dueño de la finca, todo el derecho que tuviera habría pasado a virtud de la adjudicación al apelante.

"*Parte perjudicada, quién es?*—Cualquier persona que tiene un interés reconocido por la ley en la materia objeto de la sentencia y cuyo interés queda afectado perjudicialmente por la sentencia, es una parte perjudicada, y tiene derecho a ser oída en apelación. Estate of Colton, 164 Cal. 1; 127 Pac. 643. El derecho de apelación es reparador por su naturaleza, y en casos dudosos debe siempre concederse el derecho; y una apelación será sostenida cuando hay en la sentencia una reserva por la cual el apelante es necesariamente perjudicado y la cual, en efecto, hace que la sentencia a su favor sea nula. Quint v. McMullen, 103 Cal. 381; 37 Pac. 381." Fairall's Code Civ. Pro., Part I, p. 1024.

A virtud de lo expuesto se concluye que no cabe desestimar la apelación y que la corte debió admitir la sustitución solicitada. Ahora bien, dadas las circunstancias concurrentes, el error de la corte no lleva consigo la revocación de la sentencia. La sustitución se solicitó después de terminada la prueba. Nada pidió el apelante que se le concediera en la corte inferior excepto la sustitución y de hecho la estamos aceptando al reconocer al apelante la personalidad necesaria para interponer el recurso, que juzgaremos y decidiremos por sus méritos.

La prueba practicada por el promovente para justificar el dominio, consistió en las declaraciones de tres testigos. Tienden esas declaraciones a demostrar que el promovente desde hacía muchos años estaba en posesión de la finca como dueño, a juicio de los testigos. Dijeron también los testigos que el promovente compró la finca a Manuel Medina, pero el hecho de la compra sólo les constaba por referencia.

Ninguna evidencia directa del contrato fué aportada. La prueba del opositor consistió en un acta notarial otorgada el 7 de junio de 1922 en la cual el promovente manifiesta que si bien está en posesión de la finca, sólo tiene el usufructo de la misma a virtud de habérselo concedido Sandalio Rivera, el opositor. Terminada la prueba del opositor, el promovente introdujo aquella a que nos referimos anteriormente o sea la documental en que consta que la finca fué adjudicada, pendiente el litigio, al apelante.

A nuestro juicio la corte no erró al admitir el acta notarial otorgada por el mismo promovente. Este era en aquel momento la parte interesada que aparecía por medio de su abogado gestionando la declaración de dominio y el acta constituía una admisión de dicha parte. Aceptando como cierto lo dicho por el promovente en el acta, cae por su base el expediente.

Pero aún prescindiendo de ella, juzgado el caso por la sola evidencia aportada por el promovente, estaría siempre a nuestro juicio justificada la sentencia. Las declaraciones indicadas si bien es necesario reconocer que constituyen un principio de prueba, son demasiado vagas para que pueda una corte de justicia fallar que el dominio en absoluto corresponde al promovente, tanto más cuanto que se trata de un caso en que existe oposición.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.