[S. F. No. 17439. In Bank. May 27, 1947.]

GLENN H. SPENCER, Appellant, v. TED NELSON et al., Respondents.

James R. Agee and Harold C. Holmes, Jr., for Appellant.

B. H. Muldary and Norman Elkington for Respondents.

TRAYNOR, J.—Defendants and respondents have filed motions to dismiss two appeals, both taken by plaintiff and appellant, from an order granting a new trial and from the judgment.

The action was brought for declaratory relief to ascertain the validity and effect of a written agreement. After trial by the court, judgment was entered in favor of defendants, determining that the instrument was invalid. Plaintiff sought to attack this adverse judgment both by motion for new trial and by appeal, as hereinafter appears.

Plaintiff's motion for new trial was in the usual form, and one of the grounds set forth was that the trial court failed to make a finding on the material issue of ratification. The trial court's ruling was that "plaintiff's motion for a new trial be and the same is hereby granted on the issue of ratification." Eight days later, on stipulation of counsel, it restated the order but added the words "that the judgment hereinbefore entered is vacated."

Plaintiff's first appeal is from the order granting a new trial. It was taken on the theory that the issues of the case are not severable, that he was seriously prejudiced by the limitation of the new trial to the single issue of ratification, and that the only proper order would be one granting a new trial on all of the issues. Thus, his sole grievance, and the primary reason for this appeal, is the limited form of the court's order; and, by the appeal, he asserts that the trial court abused its discretion in making the limited order, and seeks a reversal thereof with directions to grant a general, unlimited new trial.

Plaintiff's appeal from the judgment is subsidiary and purely precautionary. It was filed to take care of the situation that might arise (1) if the court's order were held to be in substance a denial of a new trial rather than a granting thereof (in which case it would be nonappealable); or (2) if it were held that the plaintiff was not aggrieved by the granting of his own motion for a new trial. A serious problem of timeliness is raised in connection with the appeal from the judgment, but it is irrelevant in view of the holding we now make as to the propriety of the appeal from the order granting a new trial.

The basic contention of appellant is that he cannot have genuine relief from the adverse judgment by a new trial limited to a single issue, which, he asserts, is not severable from other issues; and that, in view of the pleadings and evidence, it can be shown that the trial court abused its discretion in making the order in the form it did. Thus appellant has established the two conditions for his appeal: (1) the order granting a new trial is appealable (Code Civ. Proc., § 963); and (2) appellant was aggrieved by the order. The circumstance that this case is unusual in its facts, in that normally the party against whom the new trial is granted is the one who appeals, is immaterial; any party aggrieved by an appealable order has a right to appeal therefrom, even though the order is in form apparently favorable to him. (See Code Civ. Proc., § 938; *Mountain Tunnel G. M. Co.* v. *Bryan,* 111 Cal. 36 [43 P. 410]; *Quint* v. *McMullen,* 103 Cal. 381, 383 [37 P. 381].)

As to the appeal from the judgment: One effect of an order granting a new trial is, of course, to vacate the judgment; however, when an appeal is taken from such an order the vacating effect is suspended, and the judgment remains effective for the purpose of an appeal from the judgment. (*Jackson* v. *Dolan,* 202 Cal. 468 [261 P. 706]; *Puckhaber* v. *Henry,* 147 Cal. 424 [81 P. 1105].) In the normal situation, the appeal from the order granting a new trial is filed by the party successful at the trial, and a cross-appeal from the judgment is filed by the party unsuccessful at the trial to protect himself in the event that the order granting him a new trial is reversed. (See Rules on Appeal, rule 3(a) (2).) Here the situation is different, for plaintiff has filed both the appeals, and defendants, the successful parties at the trial, are satisfied with the order granting the limited new trial and not only have not appealed therefrom but are

actually seeking to dismiss plaintiff's appeal therefrom. In this situation, with neither party opposing the granting of a new trial, one seeking it in general form, the other in limited form, it is plain that the decision on this appeal will be to sustain the order granting a new trial in one form or another. This being so, the judgment will inevitably be vacated, and the ordinary provisional effect of such vacation pending appeal from the order granting new trial may be disregarded. The appeal from such vacated judgment may therefore be properly dismissed.

The motion to dismiss the appeal from the order granting a new trial is denied, and the motion to dismiss the appeal from the judgment is granted.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.