[Civ. No. 8063.   Third Dist.   Mar. 21, 1952.]

LOUIS WOLD, Plaintiff and Appellant, v. LUIGI CONSENTINO & SONS et al., Defendants and Appellants.

Goldstein, Barceloux & Goldstein and Jordan N. Peckham for Plaintiff and Appellant.

Carlton & Shadwell for Defendants and Appellants.

VAN DYKE, J.—Plaintiff below commenced this action against defendants by a complaint in which he alleged that defendants were a partnership; that on or about July 1, 1947, defendants orally employed plaintiff to superintend, manage and direct the construction of a certain building near Redding, California; that defendants had theretofore contracted with the owners to construct said building; that they agreed to pay for plaintiff's services one half of the profit resulting from the construction of the building; that the building was completed; that a profit resulted; and that defendants had not paid to plaintiff his one half thereof. Defendants answered, alleging affirmatively that plaintiff had been employed as a foreman in the construction of the said building for foreman's wages; that these wages had been paid; that no other agreement existed for the payment to plaintiff of anything in connection with his services. They specifically denied they agreed to pay plaintiff one half of the profit. Upon these pleadings the parties went to trial. It appeared that both the plaintiff and the defendant partnership had long been licensed as contractors pursuant to the Business and Professions Code (div. 3, ch. 9) and that they were so licensed during the construction of the building.

After the evidence was all in the court permitted the defendants to amend to conform to proof and by that amendment they pleaded that the plaintiff and the defendant partnership had in reality engaged in a joint venture in constructing the building which was the subject of the contract between defendants and the owners and that no license for such joint venture had been procured. The court found in accordance with this pleading and denied any relief to plaintiff, although also finding that there had been an agreement between the parties to divide the profits that might be earned through performance of the building contract. During the course of the trial an accounting was had by which it was determined by the court what were the profits so derived and the court found that they amounted to $26,212.45. Upon the theory that the case presented a proper one for the application of the rule that parties to illegal transactions cannot come into court and ask to have their illegal object carried out nor can any of them set up a case which must necessarily disclose an illegal purpose as the groundwork of the claim, judgment was entered that plaintiff take nothing and that defendants recover costs.

Plaintiff moved for a new trial and his motion was granted,

the court ordering that a new trial be had on all issues. Defendants appealed from that order and thereafter, pursuant to rule 3a of Rules on Appeal, the plaintiff appealed from the judgment.

Concerning such an appeal the Supreme Court said in *Spencer* v. *Nelson*, 30 Cal.2d 162, 164 [180 P.2d 886]:

"As to the appeal from the judgment: One effect of an order granting a new trial is, of course, to vacate the judgment; however, when an appeal is taken from such an order the vacating effect is suspended, and the judgment remains effective for the purpose of an appeal from the judgment."

We believe that the judgment must be reversed and of course the effect of such reversal will be that the cause must be retried in the court below unless upon the record this would be justified in either limiting the retrial or directing an entry of judgment. We think neither a limitation of the retrial nor a directed judgment would be proper and consequently, since the effect of reversal will be a retrial upon all issues, the defendants' appeal from the order granting a new trial would become moot. We shall, therefore, take up the appeal from the judgment.

It appears that plaintiff and defendants had for sometime and as licensed contractors performed various small building contracts, dividing profits resulting therefrom; that in part these jobs were undertaken in order to maintain available crews in anticipation of larger undertakings and in particular in anticipation of obtaining the building contract which later was obtained and became the object of the action herein. Sometimes these several contracts were taken by plaintiff and sometimes by defendants. No license to engage in joint operations was ever obtained. Plaintiff, anticipatory to bid thereon, worked on the estimates of the cost of the subject building and a bid was submitted. While the bid was the lowest received by the owners, yet all bids were rejected and the plans for the building were modified by eliminating a penthouse that had been proposed. Bids were again called for and again a bid was made formally by defendants, based in part at least upon revised estimates prepared by plaintiff. The bid was accepted and the contract executed between the owners and the defendants. Some time elapsed between the submission of the two bids and after the first had been submitted Luigi Consentino, who seems to have been the controlling member of the defendant partnership, met with a representative of the owners

and with plaintiff. In the presence of this representative he and the plaintiff mutually stated that although the contract would be in the name of the defendant partnership the profits would be divided between that partnership and plaintiff. Plaintiff testified that the same arrangement was agreed to as to the contract actually obtained and this was denied by Luigi Consentino who testified that as to the building contract obtained by the second bid the arrangements between the partnership and plaintiff had been modified so that plaintiff was merely employed as superintendent and general manager on the job, for which he was to receive and did receive wages, and nothing more. When asked by the trial court why, if the arrangement was as he claimed it to be, plaintiff did not join as a contracting party in the execution of the contract, plaintiff replied that he did not do so because the parties did not have a joint license. Enough of the evidence has been stated to show, we think, that the court's finding that the venture was joint is supported by the evidence. We also think that a contrary finding would also have been supported, since the testimony and the inferences that could be drawn were conflicting. Also the evidence would have supported a finding that plaintiff was not a joint venturer but was entitled as an employee to receive one half the profits derived by defendants from the performance of their contract and, indeed, the trial court appears to have made findings that he was so employed, which apparently conflict with the findings as to joint venture. But we think we are not here concerned with the task of harmonizing the findings and will proceed to a discussion of the problem posed by the fact that, considered as a joint venture, the parties thereto, each of whom had been issued a license to engage separately in the capacity of a contractor, undertook, although in the name only of the partnership, jointly to act in the capacity of a contractor within this state without having first secured an additional license for acting in that capacity, in violation of the provisions of section 7029 of the Business and Professions Code. Remembering that each of the joint venturers was duly licensed as a contractor and that only the license to act jointly was lacking, that the contract which the joint venturers were to perform was completed and paid for by the owners, that the defendant partnership received into its possession, and still retains, the profits of the venture, and that this is an action, not against the owners for whose protection in the main part the statute requiring

the license was enacted, and that because the joint venturers were licensed so as to bring to the performance of the contract the skill, knowledge and responsibility which in main part the licensing statute was enacted to assure to those with whom they dealt, we think that the decision must be controlled by application of the rule laid down in *Galich* v. *Brkich,* 103 Cal.App.2d 187 [229 P.2d 89], which was decided after the trial court's decision in this case. ■ We quote the following from the headnote appearing in the report of the decision as follows:

"The illegality of the operation of a contracting partnership or joint adventure without having procured the license required by Bus. & Prof. Code, § 7029, does not preclude a party thereto from instituting proceedings for dissolution of the venture and an accounting."

Obviously if such a party could maintain a proceeding for a dissolution of an unlicensed joint venture, and an accounting of its profits to the time of dissolution, then a party to a joint venture which has been completed can maintain an action for an accounting of the profits from the joint venturer who has received them. The Supreme Court denied a hearing in *Galich* v *Brkich.* It likewise had denied a hearing in *Norwood* v. *Judd,* 93 Cal.App.2d 276 [209 P.2d 24], which presented a similar situation, although it must be said to have been distinguishable from *Galich* v. *Brkich, supra,* and the instant case, because turning in part upon a promise made by the coventurer after his receipt of the proceeds of the venture and after the venture had been completed. Nevertheless *Norwood* v. *Judd* squarely challenged the rule laid down in *Wise* v. *Radis,* 74 Cal.App. 765 [242 P. 90], that even where the illegal purpose of the partnership had been accomplished an action would not lie between the partners for an accounting of the proceeds. Indeed, the opinion in *Norwood* v. *Judd* declared, "If this case is still the law of California, it would require an affirmance of the instant case." The case was reversed.

We think it profitless to indulge in further discussion concerning these cases and those which preceded them, for we feel constrained to consider that this appeal as to the point under discussion is controlled by the decision in *Galich* v. *Brkich,* as succinctly stated in the headnote which we have quoted.

■ Plaintiff in his appeal from the judgment has asked that it be reversed and that we direct the trial court to

enter a judgment in his favor for one half of the profits found to have been derived from the performance of the joint venture. This we think we should not do. The trial court has indicated by its order granting a new trial that it believed all the issues in the case should be retried and where, as we have noted, there is so much conflict in the evidence we believe that disposition to be the only one that is fair to the parties.

The judgment is, therefore, reversed, and a new trial is ordered as to all issues. The appeal from the order granting a new trial, thus becoming moot, is dismissed. (*Spencer* v. *Nelson, supra.*)

Adams, P. J., and Schottky, J. pro tem., concurred.