[Civ. No. 4842.   Fourth Dist.   Aug. 13, 1954.]

HARRY M. BLACK, Plaintiff and Appellant, v. EARL A. KIEFER et al., Defendants and Appellants.

Franklin B. Orfield for Plaintiff and Appellant.

Gray, Cary, Ames & Frye, Ward W. Waddell, Jr., and Sterling Hutcheson for Defendants and Appellants.

BARNARD, P. J.—This is an action for damages arising out of an automobile collision which occurred at 8 a. m. on Sunday, April 6, 1952, at the intersection of Kettner Boulevard and Cedar Street in San Diego. Kettner is a through street, protected by stop signs at this intersection. The plaintiff Black, driving an automobile owned by the plaintiff Jacobs, was traveling south on Kettner in his proper lane and at a reasonable speed. The defendant was traveling west on Cedar, failed to stop at the stop sign, and the collision occurred at a point 27 feet west of the east curb line of Kettner and 15 feet south of the north curb line of Cedar. There was evidence that the view of these drivers was somewhat obstructed by a row of automobiles parked at the edge of a used car lot at the northeast corner of this intersection. However, the defendant testified that he ''could see over these cars'' when he was two or three car-lengths from the intersection, that Black's car was then about 100 feet from his car, and that he thought he could cross ahead of Black.

The jury awarded the plaintiff Jacobs $352.42 for the damage to her car, and awarded the plaintiff Black $148.75. The court granted Black's motion for a new trial on the issue of damages alone, on the ground that the damages awarded were inadequate. The defendant appealed from the judgment and from the order granting Black a limited new trial. Black also filed a notice of appeal from the judgment in his favor.

The defendant first contends that the court erred in submitting the issue of Black's negligence to the jury. It is argued that Black's own testimony shows that he was guilty of contributory negligence. This contention rests on the testimony of Black that as he approached this intersection he did not look to his left; that he was looking straight ahead; that if he had seen a moving object it would have caused him to look that way; that he did not see the defendant's car until the nose of his own car was already in the intersection; and that he did nothing to avoid the collision because ''it happened too fast.'' The evidence was entirely insufficient to establish contributory negligence as a matter of law, and the factual issue was properly left to the jury.

The defendant next contends that the trial court improperly limited a new trial to the issue of damages. It is argued that the damages awarded to Black were less than his proved special damages; that this is a convincing indication that the verdict was the result of a compromise on the issue of lia-

bility; and that a new trial should have been granted on all issues.

With respect to his damage, Black testified that following the accident he had severe pain in his back and head; that his jaw was swollen and he could open it only to a limited extent; that he was unable to work for two days; and that when he returned to work he had to leave some heavier work to his assistants. He also claimed that his headaches continued for some time, and that he was still having some difficulty with his knee. There was evidence of other injuries later in 1952, and the evidence as to his doctor bills was indefinite in that the portions attributable to this accident were not clearly defined. The evidence with respect to his special damage, and also with respect to his other damage, was extremely indefinite, confusing and unsatisfactory. However, the defendant argues that it may be assumed from this evidence that the loss of wages and doctor bills must have amounted to $150.99 or more than the amount of the verdict.

The general rule is that where "the evidence as to liability is sharply conflicting and the damages awarded are so grossly inadequate as to indicate a compromise of the issues of liability and damages, the entire case should be reexamined." (*Wilke* v. *Crofton*, 34 Cal.2d 304 [209 P.2d 790].) The decision of the trial judge limiting a new trial to the issue of damages alone will not be reversed unless an abuse of discretion is shown. Such an abuse of discretion appears "when the damages are inadequate, the record discloses that the issue of liability is close, and other circumstances indicate that the verdict was probably the result of prejudice, sympathy, or compromise or that for some other reason the liability issue has not actually been determined." (*Leipert* v. *Honold*, 39 Cal.2d 462 [247 P.2d 324, 29 A.L.R.2d 1185] ; *Hamasaki* v. *Flotho*, 39 Cal.2d 602 [248 P.2d 910] ; *Rose* v. *Melody Lane*, 39 Cal.2d 481 [247 P.2d 335].) The failure to award a sum sufficient to cover the amount of the special damages shown has been held to strongly indicate a failure to find on the issues of negligence, with a resulting compromise. (*Rose* v. *Melody Lane*, 39 Cal.2d 481 [247 P.2d 335] ; *Cary* v. *Wentzel*, 39 Cal.2d 491 [247 P.2d 341].)

Under the established rules it cannot be held that an abuse of discretion here appears. While the damages allowed may have been inadequate there was no material conflict as to the facts relating to liability, and the record does not

indicate that the issue of liability was close. The evidence of negligence on the part of the defendant was very clear since he entered this through street without stopping at the stop sign, and when his view of oncoming traffic was limited at best. While the question was one of fact, the evidence of contributory negligence on Black's part was weak in view of the surrounding circumstances. He had a right to assume that no one would disregard this stop sign, and there is small indication of negligence in the fact that he was watching the road, rather than looking to his left. When the defendant's car suddenly appeared almost in front of him there was nothing he could do to avoid the accident in the fraction of a second that was available to him. The evidence was such that the jury would naturally find that the accident was caused by the negligence of the defendant, and there were no other circumstances indicating that the verdict was probably the result of a compromise. In fact, the evidence rather strongly tends to indicate that the size of the verdict was the result of the jury's conclusion that Black was not damaged very much. The evidence with respect to his damage was most indefinite and unsatisfactory. It was not clear with respect to the amount of his special damage, and it was far from convincing with respect to his general damage. No abuse of discretion appears.

It was further contended, at the oral argument, that since Black prayed for damages in the sum of $100,000, it would be inherently unjust to permit a jury to pass on the sole issue of damages, with all issues of liability entirely eliminated. The potential danger of injustice in such a situation is readily apparent. It must be assumed, however, that a trial judge would do his duty in the event an actual injustice would otherwise result.

The judgment in favor of the plaintiff Jacobs is affirmed. The order granting a limited new trial to the plaintiff Black is affirmed. Since the judgment for Black was set aside by that order, his appeal from the judgment is dismissed.

Mussell, J., concurred.

Defendants and appellants' petition for a rehearing was denied September 3, 1954, and their petition for a hearing by the Supreme Court was denied October 6, 1954. Schauer, J., was of the opinion that the petition should be granted.