[Civ. No. 21767.   Second Dist., Div. Two.   Nov. 1, 1956.]

FRANK UHL et al., Plaintiffs and Respondents, v. ELEANOR M. BALDWIN, Appellant; HELEN ELIZA-BETH STREMEL et al., Cross-defendants and Respondents.

George L. Hecker and Orlan S. Friedman for Appellant.

Rafter & Fredricks for Plaintiffs and Respondents.

John R. Allport for Cross-defendants and Respondents.

FOX, J.—This action for damages arose out of a collision between two automobiles at an intersection. The drivers of the respective vehicles were Mrs. Helen Stremel and Eleanor Baldwin. Riding in the Stremel car was Mrs. Henrietta Uhl, who, with her husband, initiated the present proceedings by filing an action against defendant Baldwin comprising two counts. The first cause of action was for recovery of damages for personal injuries sustained by Mrs. Uhl, the second was for loss of consortium suffered by Mr. Uhl. This latter count was dismissed by stipulation during the trial. Further references to plaintiff hereinafter relate only to Mrs. Uhl.

Thereafter, defendant Baldwin filed a cross action against Mrs. Stremel and her husband on which she sought recovery for personal injuries and property damage caused by the accident. The Stremels countered with a cross action against defendant Baldwin for damage to their car. The Stremel cross-complaint was dismissed at the outset of the trial.

The action was tried before a jury, resulting in a verdict of $2,000 in favor of Mrs. Uhl as against defendant Baldwin. The jury also found against defendant Baldwin on her cross-complaint against the Stremels. Judgment was entered accordingly. Both Mrs. Uhl and Baldwin moved for a new trial. Mrs. Uhl's motion was granted on the ground of insufficiency of the evidence and the court ordered a new trial on the sole issue of damages. Defendant Baldwin's motions were denied.

Defendant Baldwin (hereinafter called defendant) appeals from the judgment in favor of the Stremels and Mrs. Uhl (hereinafter called plaintiff) and from the order granting plaintiff a limited new trial. The purported appeal from the order denying her own motions for a new trial, a nonappealable order, must be dismissed.

## FACTS

The accident occurred at about 2:30 p. m. on April 27, 1954, at the intersection of 164th Street and Wilton Place,

in the city of Torrance. The day was clear. Plaintiff was a passenger in a car being driven by Mrs. Stremel. They were traveling east on 164th Street and were approaching the intersection of Wilton Place just prior to the accident. At the same time, defendant was traveling north on Wilton Place. The intersection was uncontrolled by traffic signals or signs of any kind. The field of view for a person traveling east along 164th Street and looking south on Wilton was virtually the same as that of one traveling north on Wilton who looked to the west on 164th Street. In this connection, the testimony was that an eastbound traveler on 164th Street who was within 25 feet of the intersection could see to the end of the block in looking south on Wilton. Similarly, a driver northbound on Wilton who was within 25 feet of the intersection had a view to the west along 164th Street extending almost to Arlington Avenue, the next parallel thoroughfare.

Prior to entering the intersection, Mrs. Stremel testified she was traveling about 25 miles an hour. When she reached the intersection, she testified she looked south on Wilton with an unobstructed view but saw no approaching vehicle. At that time her application of the brakes had reduced the speed of her car to between 15 and 20 miles per hour. She continued to slow down up to the time her car was struck in the intersection, at which time her speed was about 10 miles per hour. She testified the accident took place a little north of the center line of 164th Street, stating, "I swerved." Mrs. Stremel informed the investigating officer that she did not see the other car until the moment of impact. After the accident her car moved 158 feet to the east before coming to rest.

Defendant was traveling about 20 to 25 miles per hour along Wilton. She saw no cars on 164th Street as she approached it. When she reached the intersection she testified she slowed down to about 15 miles per hour. When she was two or three car lengths from the intersection, she again looked to see whether there were any cars on 164th Street. Although there was nothing to interfere with her view of eastbound traffic, defendant testified she did not see Mrs. Stremel's car. As a result of retrograde amnesia induced by head injuries sustained in the accident, defendant testified her last recollection was of proceeding into the intersection after not seeing any cross traffic on 164th Street. A witness situated at a point on Wilton Place some 300 feet south of the intersection testified she saw defendant's car slow down to about 10

miles per hour as it approached the intersection. This witness did not see the collision, but testified when defendant's car reached the intersection she did not observe any car enter the intersection from 164th Street.

The testimony of a police officer indicated that the point of impact occurred on the eastern half of the intersection. The photographs of the vehicles plainly disclose that the front of defendant's car crashed into the right side of the Stremel vehicle. There were no skid marks from either vehicle leading to the point of impact; there were some brush marks left by defendant's vehicle in its turning movement after the collision.

Plaintiff Uhl was riding to the right of the driver in the Stremel car. She did not see defendant's car prior to the impact. It is undisputed that she was not engaged in any joint or common enterprise with Mrs. Stremel and that she was merely an occupant of the car with no right of management or control of the vehicle.

### Plaintiff's Injuries and Special Damages

Plaintiff was hospitalized for seven weeks following the accident, during which time she was confined to her bed for five weeks. She sustained a fracture of the pelvis and the right clavicle, which required traction and the wearing of harness. Her right side was badly bruised and her back contused between the shoulder blades. She could not do housework for two months after her return from the hospital. The total special damages, consisting of medical, hospital and similar expenses, amounted to $1,920.76.

### The Appeal From the Judgment

Defendant contends that the judgment in favor of plaintiff and adverse to defendant on her cross-complaint against the Stremels is not supported by the evidence. She argues that the evidence discloses that (1) Mrs. Stremel did not look before entering the intersection, or, having looked, was negligent in failing to see the northbound car, and (2) that Mrs. Stremel violated defendant's right of way, thus establishing Mrs. Stremel's negligence as the only negligence in the case. To adopt this theory and to reach defendant's conclusion, this court would be compelled to reevaluate the evidence and the credibility of the witnesses and draw inferences contrary to those of the trier of the facts. That is not within the province of a reviewing court.

It is fundamental that if there be evidence of facts

supporting an inference favorable to the judgment, a reviewing court is without power to substitute its own deductions for those of the jury. It may reasonably be inferred from the evidence that, assuming that Mrs. Stremel was negligent, defendant was equally guilty of negligence which was a contributive and proximate cause of the accident. Defendant testified that though she was driving a mere 15 miles an hour at the intersection, though she looked left on 164th Street in the direction of the Stremel vehicle, though her windshield was clear and her view unobstructed, she failed to see the vehicle with which she collided seconds later. ■ The jury may well have concluded that defendant's testimony that she looked for cross traffic before entering the intersection was either unworthy of belief or that she was negligent in failing to see the approach of the Stremel car which must have been in her line of vision under the existing circumstances. (*Powell* v. *Bartmess*, 139 Cal.App.2d 394, 400 [294 P.2d 150] ; *Huetter* v. *Andrews*, 91 Cal.App.2d 142, 146 [204 P.2d 655] ; *Berlin* v. *Violett*, 129 Cal.App. 337, 340 [18 P.2d 737].) The inference is almost irresistible that defendant drove into the intersection oblivious of approaching traffic, for the front of her car smashed almost broadside into the Stremel vehicle when the latter had already crossed into the east half of Wilton Place. ■ Defendant's contention that she had the right of way, even if true, does not of itself absolve her of the necessity of using reasonable care in traversing an intersection. In *Powell* v. *Bartmess*, *supra* (p. 401), this court discussed the same question in language apposite to this situation: "But even if it be granted, as plaintiff urges, that having entered the intersection first, she had the right of way, that fact alone does not exculpate her from negligence as a matter of law since a fact question concerning her conduct in the circumstances would still remain. [Citations.] As was said in *Donat* v. *Dillon, supra* [192 Cal. 426, 429 (221 P. 193)] : 'Assuming, therefore, that the defendant had the right of way, he was required to proceed across the intersection in a careful and prudent manner, ever watchful of the direction in which danger was most likely to be apprehended.' In *Allin* v. *Snavely, supra* [100 Cal.App.2d 411, 414 (224 P.2d 113)], this court remarked: 'Under traffic conditions prevailing upon the highways of California ordinary care frequently requires the operator of an automobile who has the right of way to yield in order to avoid disastrous consequences although he may have entered an intersection first

and therefore legally be entitled to the right of way. It may be negligence as a matter of fact for him to proceed into the path of a fast moving car.'" It being essentially a question of fact for the jury whether or not defendant was negligent in the manner in which she proceeded across the intersection, and there being substantial evidence to support its implied finding that she did not use the requisite care, we may not disturb the finding that her contributory negligence disentitled her to prevail in her action against Mrs. Stremel.

Defendant suggests that the jury was "bound to apply" the presumption that she was exercising due care because of testimony that she suffered from loss of memory as a result of the accident. The jury was instructed on this phase of the case and defendant does not complain of the insufficiency of the instruction. ■ However, this rebuttable presumption, assuming it to have been applicable in the present context, constituted merely one item of evidence (Code Civ. Proc., § 1957) to be weighed by the jury with the other direct, physical and circumstantial evidence. ■ From the facts recounted above, it clearly appears that the circumstances and inferences pointing to defendant's negligence far outbalanced any presumption of care on her part and the jury was entitled to find accordingly. (*Scott* v. *Burke*, 39 Cal.2d 388, 397-398 [247 P.2d 313]; *Halstead* v. *Paul*, 129 Cal.App.2d 339, 341 [277 P.2d 42].)

So far as concerns the judgment in favor of plaintiff, that is fully sustained by the evidence already set forth which reflects defendant's negligence, and by the complete absence of any contributory negligence on plaintiff's part. In her brief, defendant has charged Mrs. Stremel with the commission of various acts of negligence. Conceding, *arguendo*, that there was such negligence, the evidence plainly shows that such negligence concurred with that of defendant in proximately causing the accident. ■ The rule is well established that where plaintiff is injured by the concurring negligence of two drivers, plaintiff, as a passenger in one of the vehicles who was herself free from negligence, may recover from the negligent driver of the other car. (*Kelley* v. *Hodge Transp. System*, 197 Cal. 598, 605 [242 P. 76]; *Hughes* v. *Quackenbush*, 1 Cal.App.2d 349, 356 [37 P.2d 99]; *Fishman* v. *Silva*, 116 Cal.App. 1, 7 [2 P.2d 473]; *Evans* v. *Mitchell*, 2 Cal. App.2d 702, 707 [38 P.2d 437].) ■ Plaintiff did not own the car, she did not exercise any control or management over the automobile, nor is it asserted she was engaged in any

joint enterprise with Mrs. Stremel. Therefore the latter's negligence may not be imputed to plaintiff, who may recover unless it be shown that she was herself guilty of negligence. (*Kelley* v. *Hodges Transp. System, supra,* p. 604; *Thompson* v. *Fitzgerald,* 205 Cal. 563, 568 [271 P. 1072].) Under no possible construction of the evidence can it be held that plaintiff was guilty of independent negligence. "She violated no duty of care [owed] to herself or others and it is not shown that she neglected to do anything that a reasonable person in her situation should have done or that she did anything that could be regarded as negligence on her part under the circumstances of the collision." (*Kelley* v. *Hodge Transp. System, supra,* p. 604.) The judgment in favor of plaintiff is abundantly supported by the evidence of defendant's negligence, by the lack of contributory negligence on her part, and by the fact that any negligence on the part of Mrs. Stremel proximately causing the accident could not be imputed to her.

### New Trial Limited to Damages Only

Defendant's final contention is that the trial court abused its discretion in granting plaintiff a new trial on the sole issue of damages. Plaintiff was awarded judgment for $2,000, which fully covered the amount of her special damages but allowed only $79.24 general damages, despite injuries which put plaintiff in traction for five weeks. ▆ That the general damages awarded are disproportionately low is patent and the obvious inadequacy is the basis for the new trial order. We cannot conclude, contrary to the trial judge, that the jury compromised the question of liability by its inadequate award of general damages.

▆ The rule is that the granting of a new trial limited to the issue of damages appropriately rests in the discretion of the trial court and its determination will not be reversed in the absence of an abuse of discretion. (*Black* v. *Kiefer,* 127 Cal.App.2d 122, 124 [273 P.2d 537].) ▆ An abuse of discretion is shown when the record discloses that the damages are inadequate, the issue of liability close, and there are other circumstances indicating that the verdict was probably the result of a compromise on liability issue. (*Leipert* v. *Honold,* 39 Cal.2d 462 [247 P.2d 324, 29 A.L.R.2d 1185]; *Hamasaki* v. *Flotho,* 39 Cal.2d 602 [248 P.2d 910]; *Clifford* v. *Ruocco,* 39 Cal.2d 327 [246 P.2d 651]; *Cary* v. *Wentzel,* 39 Cal.2d 491 [247 P.2d 341]; *Rose* v. *Melody Lane,* 39 Cal.2d 481 [247 P.2d 335].)

In the light of the record in this case, it would be entirely unwarranted to hold that the issue of liability was close with respect to plaintiff. On the contrary, so strongly do the circumstances proclaim negligence on the part of defendant that we are satisfied that the court soundly exercised its discretion in the premises. The facts show that despite excellent visibility, each driver entered the intersection, according to their testimony, without seeing the other car, without sounding their horns, and from the absence of any skid marks, without sudden resort to the brakes to avert the collision. The record shows that the Stremel car had already crossed into the east half of Wilton Place and that it was struck in the side by the front of defendant's car. Accepting defendant's testimony that she looked but did not see the Stremel car despite her clear view, and from the physical fact that her car ran into the Stremel vehicle, the conclusion is almost inescapable that she was negligent in traversing the intersection. (*Linn* v. *Roby,* 129 Cal.App.2d 448, 452 [277 P.2d 67].)

The jury advisedly arrived at such a determination by its judgment adverse to her in her cross-complaint against Mrs. Stremel. Plaintiff, as we have seen, was not in the remotest degree guilty of independent negligence as a mere rider in the Stremel car. She was the innocent victim of the culpable negligence of two drivers who crossed an uncontrolled intersection seemingly without taking the most elementary precautions to avert or avoid the hazards of cross traffic. Under such circumstances, where defendant's negligence is plainly spelled out and there is no evidence tending to show contributory negligence on the part of plaintiff, liability is established and no abuse of discretion is shown in granting a new trial on the issue of damages alone. (*Patterson* v. *Rowe,* 113 Cal.App.2d 119 [247 P.2d 949]; *Linn* v. *Roby, supra.*)

The judgment and the order granting plaintiff Uhl a new trial on the issue only of damages are affirmed. The purported appeal from the order denying the motions of defendant Baldwin for a new trial is dismissed.

Moore, P. J., and Ashburn, J., concurred.