[Civ. No. 23691.   Second Dist., Div. Two.   Aug. 27, 1959.]

MARIANO GARCIA, Respondent, v. SAN GABRIEL READY MIXT (a Corporation) et al., Appellants.

Schell, Delamer & Loring and Lee Solomon for Appellants.

David Hoffman for Respondent.

ASHBURN, J.—Plaintiff was awarded $25,000 by a jury for personal injuries. Defendants moved for a new trial specifying six grounds, two of which were: "1. Insufficiency of the evidence to justify the verdict and judgment," and "4. Excessive damages appearing to have been given under the. influence of passion and prejudice." The motion was granted and the order states: "Motion of Defendants for a new trial herein is granted on the issue of damages only, on the grounds of excessive damages and insufficiency of the evidence to sustain the verdict." Plaintiff filed notice of appeal from this order but his appeal was dismissed. Defendants appeal from the judgment and from the order granting a new trial, contending that the court abused its discretion

in limiting the new trial to the single issue of damages and that the only proper order would be one granting a new trial on all of the issues.

*Spencer* v. *Nelson*, 30 Cal.2d 162, 164 [180 P.2d 886], establishes that defendant properly may appeal from the order. "The circumstance that this case is unusual in its facts, in that normally the party against whom the new trial is granted is the one who appeals, is immaterial; any party aggrieved by an appealable order has a right to appeal therefrom, even though the order is in form apparently favorable to him."

Appellants' argument appears to be that the proper interpretation of the court's order—"on the grounds of excessive damages and insufficiency of the evidence to sustain the verdict"—is that the damages were excessive because given under influence of passion and prejudice. They say: ". . . the order of the trial court, specifying insufficiency of the evidence to sustain the verdict, is intelligible only if it is interpreted to mean that the evidence does not sustain a verdict *as large as* the one rendered. This being the case, the second part of the order, namely, excessive damages, can be explained only by assuming that the trial judge, in addition to finding the evidence insufficient to sustain so large a verdict, had in mind a further irregularity in the verdict of the jury, namely, passion and prejudice, ordinarily implied in excessiveness. . . ." It is then further argued that where damages are excessive because of passion and prejudice, there must be a new trial on all issues where the issue of liability is extremely close and appellants are entitled to the verdict of an impartial jury on all issues, including that of liability. In other words, that the passion and prejudice probably extended to their consideration of the liability issue as indicated by the large verdict,—appellants thus contending for the reasoning stated in some of the cases wherein a new trial was granted for inadequate damages.

Appellants concede, as they must, that an order granting a new trial because of excessive damages will be sustained even if there is no showing of passion or prejudice (*Koyer* v. *McComber*, 12 Cal.2d 175 [82 P.2d 941]), but it is pointed out that a new trial *on all issues* was granted in Koyer. It is further conceded that the trial court may deny a new trial on the ground of excessive damages on condition of a remission of a part of the verdict, "but we have not been

able to find any cases in which the damages were considered excessive and where the retrial was properly limited to the issue of damages." However, upon respondent's citation of several cases (discussed later), appellants state in their reply brief that what they meant to say was that there are no cases in which a new trial was limited to damages only where the damages were considered excessive in the sense that they were the result of passion and prejudice.

It is difficult to follow appellants' reasoning to the effect that the order necessarily infers excessive damages due to passion and prejudice when the order specifically omitted this phrase and appellants fail to point out wherein such passion or prejudice exists. ▮ It is stated in *Koyer* v. *McComber, supra,* 12 Cal.2d 175, 182: ". . . where a trial court grants a new trial upon the ground that the verdict is excessive, the declaration of the court that it is excessive does not necessarily mean that the trial court was of the opinion that the verdict was the result of passion or prejudice. It is susceptible of the interpretation that the trial court was not satisfied that the finding of the jury as to the extent of damage suffered by plaintiff was supported by the evidence adduced upon that phase of the case." *Van Ostrum* v. *State of California,* 148 Cal.App.2d 1, 7 [306 P.2d 44]: "The trial judge had the duty as well as the power to set aside the verdict when he found, pursuant to his own independent appraisal of the evidence, that it did not support an award of $4,000; it was not necessary for him to find passion or prejudice on the part of the jurors." See also *Sinz* v. *Owens,* 33 Cal.2d 749, 760 [205 P.2d 3, 8 A.L.R.2d 757]; *Hughes* v. *Hearst Publications, Inc.,* 79 Cal.App.2d 703, 705 [180 P.2d 419; *Strosk* v. *Howard Terminal Co.,* 129 Cal.App.2d 797; 801-802 [277 P.2d 828].

▮ In the instant case the order specifically states insufficiency of the evidence as a ground. This is strictly in accordance with the provisions of Code of Civil Procedure, section 657, which provides for a new trial on all or part of the issues for "5. Excessive damages. . . . 6. Insufficiency of the evidence to justify the verdict. . . . When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall so specify this in writing. . . ."

▮ "It has long been established that it is within the power of the trial court, where the issues of a cause are distinct and separable, to grant a new trial of one issue while

refusing it as to the others. Such an order will not be reversed in the absence of a showing of an abuse of discretion.'' (*Crandall* v. *McGrath*, 51 Cal.App.2d 438, 439 [124 P.2d 858]; see also *Adams* v. *Hildebrand*, 51 Cal.App.2d 117, 118 [124 P.2d 80].)  ▉  That the issue of liability in a personal injury case generally is severable from the issue of damages has long been recognized. (*Brush* v. *Kurstin*, 11 Cal.App.2d 258, 262 [53 P.2d 777]; *Hoffart* v. *Southern Pac. Co.*, 33 Cal.App.2d 591, 602-603 [92 P.2d 436]; *Bauman* v. *San Francisco*, 42 Cal.App.2d 144, 160 [108 P.2d 989]; *Cox* v. *Tyrone Power Enterprises, Inc.*, 49 Cal.App.2d 383, 390 [121 P.2d 829]; *Black* v. *Kiefer*, 127 Cal.App.2d 122, 124 [273 P.2d 537]; *Uhl* v. *Baldwin*, 145 Cal.App.2d 547, 554-555 [302 P.2d 841]; *Bellman* v. *San Francisco H. S. Dist.*, 11 Cal.2d 576, 588 [81 P.2d 894].)

▉  In *Leipert* v. *Honold*, 39 Cal.2d 462 [247 P.2d 324, 29 A.L.R.2d 1185], pages 466-467, these rules are laid down: ''The power of a trial or appellate court to order a new trial on fewer than all the issues is generally recognized (see 66 C.J.S., New Trial, § 11, p. 87; 39 Am.Jur., New Trial, § 21, p. 44; 98 A.L.R. 941), and is authorized by statute in this state. (Code Civ. Proc., §§ 657, 662.)

▉  ''The purpose of limited retrials is to expedite the administration of justice by avoiding costly repetition. Such retrials should be granted, however, only if it is clear that no injustice will result. [Citations.] Some courts have expressed reluctance to limit new trials in negligence cases, suggesting that only rarely is such a step proper [citations].

▉  Even in California, where new trials limited to the issue of damages have frequently been approved in personal injury and wrongful death actions, it has been held that a request for such a trial should be considered with the utmost caution [citations] and that any doubts should be resolved in favor of granting a complete new trial. [Citation.]

▉  ''The decision on limiting the new trial appropriately rests in the discretion of the trial judge. It is presumed that in passing upon the motion he has weighed the evidence and the possibility of prejudice to the defendant. His decision will not be reversed on appeal unless an abuse of discretion is shown. [Citations.]''

Respondent cites us to *Davis* v. *Washburn*, 124 Cal.App.2d 667 [268 P.2d 1070], in which defendant's motion for a new trial was granted, limited to the issue of damages only, on the

grounds of excessive damages and insufficiency of the evidence to justify the amount of the verdict, from which order *plaintiff* appealed. No question was raised as to the propriety of a limited order, plaintiff's contention being that the court abused its discretion in granting a new trial at all.

Also cited, however, is *Gentekos* v. *City & County of S. F.,* 163 Cal.App.2d 691 [239 P.2d 943] (hrg. den.) which is pertinent. Defendant appealed from a new trial order limited to the issue of damages, claiming that if a new trial were granted it should be on all issues. The court states, page 700: "It is, of course, elementary, that where issues are severable the trial court may grant a new trial on one of the issues and deny it as to others. It is also obvious that the issue of liability in the instant case is severable from the issue of damages. On the issue of liability the evidence supports the implied findings of the jury. On the issue of damages the evidence was highly conflicting, and would readily support a finding of damages in a lesser sum. Therefore, whether the new trial should have been granted on all of the issues or on the issue of damages alone was a question for the trial court. Its discretion in the matter cannot be reversed unless appellant demonstrates that such discretion has been abused."

The record in the instant case does not warrant a conclusion that the issues of liability and damages were so inextricably interwoven that a new trial on the sole issue of damages would result in injustice to defendant.

Appellants concede that we do not have a question of whether the finding of liability was supported by the evidence, but assert that the question is "whether in the light of conflict the emotions of prejudice, sympathy and other improper motives on the part of the jury so overshadowed their consideration of liability as to require a new trial on all issues." Appellants refer to asserted inconsistencies in the evidence of plaintiff—a Mexican who spoke no English, or very little, and whose testimony was given through an interpreter. This does not appear to create a situation, as appellants contend, where "the jury were blinded by prejudice, passion, or other improper motives. . . ." Appellants also stress the fact that a prior trial in this matter resulted in a judgment for defendant on the first count and a directed verdict on the second count. In reversing judgment for defendant, it was held on appeal that the second cause of action should have been submitted to a jury; that plaintiff's

counsel was denied the right of argument as to the alleged negligence which was part of the second cause of action, and which was also part of the first cause of action, thus denying plaintiff a fair and impartial trial; it is also indicated that full and proper instructions on assumption of risk may not have been given. (See *Garcia* v. *San Gabriel Ready Mixt*, 155 Cal.App.2d 568 [318 P.2d 145].) The verdict in the first trial was nine to three. In the instant trial, there was a unanimous verdict.

We have concluded that the trial judge, who heard all of the evidence, committed no abuse of discretion when he concluded that nothing could be gained by relitigating the issue of liability and that defendant will suffer no prejudice by not relitigating it. It follows that the order granting a new trial should be affirmed and the appeal from the judgment should be dismissed as moot. It is so ordered.

Fox, P. J., and Herndon, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 20, 1959.