[No. B087275. Second Dist., Div. Five. Feb. 24, 1995.]

MARVIN COBB, Plaintiff and Appellant, v.
UNIVERSITY OF SOUTHERN CALIFORNIA, Defendant and
Respondent.

COUNSEL

Samuel Reece and Ronald C. Lapekas for Plaintiff and Appellant.

Horvitz & Levy, Frederic D. Cohen and Johnnie L. Cochran, Jr., for Defendant and Respondent.

OPINION

**TURNER, P. J.—**

### I. INTRODUCTION

Defendant, the University of Southern California, has moved to dismiss the appeal of plaintiff, Marvin Cobb. Plaintiff tried two separate claims to a jury. The first cause of action tried to the jury was for contract breach. The second cause of action tried to the jury was for race discrimination. On June 6, 1994, the jury returned a verdict in favor of plaintiff on his contract breach claim. The jury awarded plaintiff $1.1 million for economic losses. Also, the jury returned a verdict of an additional $1.1 million in noneconomic damages on plaintiff's contract breach cause of action. The jury was unable to reach a verdict on plaintiff's race discrimination cause of action.

The race discrimination claim was set for retrial. The results of the post-judgment motions are somewhat confusing. However, based on the record submitted by the parties pursuant to California Rules of Court, rule 42(a), the

following constitutes the present litigation state of affairs. The trial court granted what amounts to a motion for judgment notwithstanding the verdict as to all of plaintiff's non-economic damages allegedly arising from his contract breach cause of action. Further, the court has ordered a new trial as to the remaining contract breach cause of action issues. This would amount to a retrial on the issues of liability and economic damages.[1] As previously noted, plaintiff's race discrimination cause of action was also to be retried.

On September 9, 1994, plaintiff filed a notice of appeal from the orders granting the new trial and the partial judgment notwithstanding the verdict motions. Defendant has moved to dismiss the appeal because there are remaining claims to be tried in superior court based upon the decision of our Supreme Court in *Morehart* v. *County of Santa Barbara* (1994) 7 Cal.4th 725, 743 [29 Cal.Rptr.2d 804, 872 P.2d 143]. As to the appeal from the order granting a new trial, the dismissal motion is denied. However, the motion to dismiss the appeal as to the order we construe to be one granting the partial judgment notwithstanding the verdict is granted.

## II. DISCUSSION

Subject to certain narrow constitutional limitations, there is no right to appeal. (*Lindsey* v. *Normet* (1972) 405 U.S. 56, 77 [31 L.Ed.2d 36, 52-53, 92 S.Ct. 862]; *Trede* v. *Superior Court* (1943) 21 Cal.2d 630, 634 [134 P.2d 745].) The California Supreme Court has repeatedly held that the right to appeal is wholly statutory. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976], disapproved on another point in *People* v. *Green* (1980) 27 Cal.3d 1, 34-35 [164 Cal.Rptr. 1, 609 P.2d 468] [". . . a judgment or order is not appealable unless expressly made so by statute"]; *Skaff* v. *Small Claims Court* (1968) 68 Cal.2d 76, 78 [65 Cal.Rptr. 65, 435 P.2d 825] [". . . a party possesses no right of appeal except as provided by statute"]; *People* v. *Keener* (1961) 55 Cal.2d 714, 720 [12 Cal.Rptr. 859, 361 P.2d 587], disapproved on another point in *People* v. *Butler* (1966) 64 Cal.2d 842, 844 [52 Cal.Rptr. 4, 415 P.2d 819] [". . . an order is not appealable unless declared to be so by the Constitution or by statute"]; *People* v. *Valenti* (1957) 49 Cal.2d 199, 204 [316 P.2d 633], disapproved on another point in *People* v. *Sidener* (1962) 58 Cal.2d 645, 647

---

[1]Defendant attempts to construe the somewhat confusing evidentiary record to mean that a judgment notwithstanding the verdict has been issued as to the contract breach cause of action in its entirety. However, the trial court unequivocally ordered a new trial on that cause of action, except for the issue of noneconomic damages where a judgment, albeit not a final one, has been directed to be entered on defendant's behalf. Defendant's efforts to read the record to suggest that there is no longer any question concerning the contract breach cause of action are without merit. The trial judge specifically ordered a new trial on that issue.

[25 Cal.Rptr. 697, 375 P.2d 641] [". . . the right of appeal is statutory and a judgment . . . is not appealable unless it is expressly made so by statute"]; *Modern Barber Col.* v. *Cal. Emp. Stab. Com.* (1948) 31 Cal.2d 720, 728 [192 P.2d 916] [". . . the Legislature has the power to declare by statute what orders are appealable, and, unless a statute does so declare, the order is not appealable"]; *Trede* v. *Superior Court, supra,* 21 Cal.2d at p. 634 [there being no constitutional right of appeal, ". . . the appellate procedure is entirely statutory and subject to complete legislative control"]; *Superior Wheeler C. Corp.* v. *Superior Court* (1928) 203 Cal. 384, 386 [264 P. 488] ["right of appeal is statutory and may be granted or withheld"].) Accordingly, there being no constitutional issue raised by the dismissal motion, the question before us is entirely statutory.

The notice of appeal refers to two specific orders: the orders granting a new trial and partial judgment notwithstanding the verdict.[2] To begin with, an order granting a new trial motion is explicitly made appealable by Code of Civil Procedure section 904.1, subdivision (a)(4).[3] More critically, the present matter under review is in the nature of an order partially granting a new trial since the court entered judgment notwithstanding the verdict as to the noneconomic damage claim. The trial judge did not grant a new trial concerning plaintiff's noneconomic contract damages. Rather, the trial court granted a partial judgment notwithstanding the verdict as to that claim. The California Supreme Court has held that an order granting a partial new trial is appealable pursuant to section 904.1. (*Spencer* v. *Nelson* (1947) 30 Cal.2d 162, 164 [180 P.2d 886].) The Courts of Appeal are quite obviously in accord. (*Beavers* v. *Allstate Ins. Co.* (1990) 225 Cal.App.3d 310, 330 [274 Cal.Rptr. 766]; *Pease* v. *Beech Aircraft Corp.* (1974) 38 Cal.App.3d 450, 470 [113 Cal.Rptr. 416].) In fact, so well-established is the right to appeal from the partial grant of a new trial motion that a moving party who unsuccessfully sought a complete new trial on all issues may appeal because the court refused to grant the complete relief sought. (*Liodas* v. *Sahadi* (1977) 19 Cal.3d 278, 285 [137 Cal.Rptr. 635, 562 P.2d 316]; *Spencer* v. *Nelson, supra,* 30 Cal.2d at p. 164; *Ferraro* v. *Pacific Fin. Corp.* (1970) 8 Cal.App.3d 339, 345 [87 Cal.Rptr. 226]; *Garcia* v. *San Gabriel Ready Mixt* (1959) 173 Cal.App.2d 355, 357 [343 P.2d 327].)

[2]The notice of appeal states: "NOTICE IS GIVEN that pursuant to Code of Civil Procedure § 904.1(d), plaintiff Marvin Cobb appeals to the Court of Appeal for the Second District from the Order granting defendant University of Southern California's motion for new trial entered August 10, 1994; from the partial judgment entered on defendant University of Southern California's motion for judgment notwithstanding the verdict on plaintiff's cause of action for breach of contract decided the same day; and from the partial judgment entered on defendant University of Southern California's motion to correct the judgment."

[3]Code of Civil Procedure section 904.1, subdivision (a)(4), provides in part: "An appeal may be taken from a superior court in the following cases: . . . . [¶] (4) From an order granting a new trial . . . ." All future statutory references are to the Code of Civil Procedure.

However, defendant argues that the present appeal from the order granting the new trial motion may not proceed because of our Supreme Court's holding in *Morehart* v. *County of Santa Barbara, supra,* 7 Cal.4th at page 743. In *Morehart,* the court held: "Accordingly, we hold that an appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as 'separate and independent' from those remaining. . . ." (*Ibid.*) We conclude that *Morehart* is not controlling authority in connection with the order granting a partial new trial for the following two reasons.

First, section 904.1, subdivision (a)(4) explicitly makes an order granting a new trial appealable. As noted previously, the right to appeal is, subject to certain constitutional limitations which are not pertinent to the present case, solely a matter of statute. Second, *Morehart* involved a case where a judgment had been imposed. The issue before our Supreme Court related to whether a prior Court of Appeal decision, *Schonfeld* v. *City of Vallejo* (1976) 50 Cal.App.3d 401, 416-419 [123 Cal.Rptr. 669], and its progeny (*Morehart* v. *County of Santa Barbara, supra,* 7 Cal.4th at p. 743, fn. 11) were correctly decided. Our Supreme Court determined that the one final judgment rule in section 904.1, subdivision (a)(1) precluded an appeal from a judgment where several causes of action had not been resolved between the parties. (7 Cal.4th at p. 743.) In reaching this question, our Supreme Court construed the language in section 904.1, subdivision (a)(1). The question of the effect of section 904.1, subdivision (a)(4), permitting appeals from an order granting a new trial, was not before our Supreme Court in *Morehart.* Hence, *Morehart* is not citable authority for the proposition an order partially granting a new trial where there are unresolved issues remaining is not appealable. *Morehart* did not address the effect of section 904.1, subdivision (a)(4). Decisions of our Supreme Court are not controlling authority for propositions not considered therein. (*People* v. *Banks* (1993) 6 Cal.4th 926, 945 [25 Cal.Rptr.2d 524, 863 P.2d 769]; *People* v. *Saunders* (1993) 5 Cal.4th 580, 592, fn. 8 [20 Cal.Rptr.2d 638, 853 P.2d 1093]; *People* v. *Superior Court* (*Marks*) (1991) 1 Cal.4th 56, 65-66 [2 Cal.Rptr.2d 389, 820 P.2d 613]; *People* v. *Harris* (1989) 47 Cal.3d 1047, 1071 [255 Cal.Rptr. 352, 767 P.2d 619].) To sum up, section 904.1, subdivision (a)(4) constitutes an express statutory ground for appellate jurisdiction. The California Supreme Court has previously made it clear that even an order granting a partial new trial is appealable. Since the scope of appellate jurisdiction is a legislative matter, we must accede to the Legislature's determination.

Finally, defendant argues that the order we construe to be one granting the motion for partial judgment notwithstanding the verdict is not

appealable. We agree. At present, no interlocutory judgment has been entered according to the parties. An order granting partial judgment notwithstanding the verdict is not listed in section 904.1 and is hence not appealable. (*Walton* v. *Magno* (1994) 25 Cal.App.4th 1237, 1240-1241 [30 Cal.Rptr.2d 815]; *Berge* v. *International Harvester Co.* (1983) 142 Cal.App.3d 152, 158 [190 Cal.Rptr. 815].) Even if the interlocutory judgment concerning noneconomic damages were entered, it would not be appealable given the express holding of *Morehart* v. *County of Santa Barbara, supra,* 7 Cal.4th at page 743. Any issue concerning the order granting partial judgment notwithstanding the verdict can be reviewed by the filing of a petition for extraordinary relief (*id.* at pp. 743-744) or once a final judgment is entered. (*Walton* v. *Magno, supra,* 25 Cal.App.4th at p. 1240; *Beavers* v. *Allstate Ins. Co., supra,* 225 Cal.App.3d at p. 326; § 906.) Therefore, the appeal from what we find to be the partial judgment notwithstanding the verdict is dismissed.[4]

## III. DISPOSITION

The motion to dismiss the appeal from the order granting the new trial motion is denied. The motion to dismiss the appeal from the order granting partial judgment notwithstanding the verdict is granted. Issues concerning costs will be resolved at the conclusion of the present appeal.

Armstrong, J., concurred.

---

[4]Once we have resolved the question of the propriety of the order granting the new trial motion, the superior court may proceed to retry whatever claims remain for resolution. Pending resolution of the present appeal, no retrial may commence on any of the causes of action. (*Ford* v. *Thompson* (1861) 19 Cal. 118, 119; § 916; see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 5, pp. 36-38.)