[Civ. No. 18128. Second Dist., Div. Three. July 31, 1951.]

RAY ONA, Appellant, v. LUIS REACHI, Respondent.

Walleck & Olstyn for Appellant.

Bauder, Gilbert, Thompson & Kelly and W. I. Gilbert, Jr., for Respondent.

SHINN, P. J.—Appeal by plaintiff from an order granting a new trial after a verdict and judgment for plaintiff in the amount of $11,000 for damages sustained as the result of an automobile accident admittedly caused by defendant.

Defendant, both at the trial and on appeal, substantially admitted liability for the accident. He moved for, and was granted, a new trial by order which specified insufficiency of the evidence to sustain the damage award. Plaintiff assails the order as an abuse of discretion.

The accident occurred at 7 a. m. on December 26, 1948, on Ventura Boulevard in Los Angeles. Plaintiff, a chef and short order cook, had just parked his car in front of his own place of business, a restaurant, and was preparing to leave the car. Defendant was driving along Ventura Boulevard, went to sleep, and his car collided with the rear of plaintiff's, moving it ahead a distance of 250 feet. Plaintiff was thrown into the rear seat of his car and rendered unconscious by the impact.

The evidence is unconflicting that plaintiff sustained $400 damage to his car, incurred debts of $385 in medical bills, $750 for an assistant in the restaurant while he was partially disabled, and $14.30 in taxicab fares for visits to the doctor. He claimed that as additional special damages he should receive $3,450 for lost earnings at the rate of $10 per day up to the date of trial. Defendant does not seriously question that plaintiff is entitled to $653.40 as special damages as the net loss in the business from the date of the accident until it was sold. These conflicting claims of special damages would be $2,202.70 (defendant's figure) and $4,999.30 (plaintiff's figure). In granting the new trial the court no doubt believed that the award of general damages was between $6,000 and $9,000.

The major injury and principal element of plaintiff's general damage was a concussion received in the accident which his physicians described as a mild concussion. There was evidence of a cut on the back of his head, but otherwise no objective evidence of the concussion or its consequences. According to his testimony and his complaints to the physicians he suffered some headaches, was subject to dizzy spells, impairment of memory, impairment of hearing, and tiredness. According to his principal physician, between the accident and the time of trial plaintiff underwent a change of personality from one who was optimistic and aggressive to one who was in a depressed and fearful mental state, and in need of psychiatric treatment which probably would remove the causes of his trouble. This physician was certain that the complaints were genuine, but he testified that he found nothing medically speaking to cause the condition and that while

the condition was actual, it was purely mental. He did not testify that plaintiff's injuries were permanent. Another physician, testifying for plaintiff, was of the opinion that plaintiff appeared in a stupid, dense mental state, and that litigation neurosis, or a state of suspense due to the uncertainty of the outcome of pending litigation was applicable to the plaintiff's case. An opinion was expressed by one of plaintiff's experts that while plaintiff's hearing was poor there was no impairment due to the accident.

A physician for defendant testified that neurosis is a definite psychological condition, and that in his opinion plaintiff's was not a true neurosis but a litigation neurosis which will end with the litigation. Another physician reporting on the case for defendant, after an examination, described plaintiff as a "potbellied, smiling, exceedingly cheerful and wary dark haired Spaniard" whose statements show "a definite factor of simulation and malingering." This coldly skeptical appraisal of plaintiff's motives was not shared by any other expert on either side, or by any of the jurors, or by the trial judge.

It would serve no useful purpose to elaborate upon the evidence, opinion and otherwise, as to the extent of plaintiff's injuries. If, as plaintiff contended, his ability to efficiently pursue his occupation as a chef and short order cook was seriously and permanently impaired as a result of the accident, and if the evidence of his alleged business loss and his physical suffering and mental distress should be given full effect, a verdict of $11,000 would not be unreasonable. On the other hand, there was ample evidence that his condition was not permanent but was due to nervous tension caused by worry and concern over the outcome of his litigation, and if it was believed to be merely a temporary condition, a considerably smaller verdict would have been within reason. It is evident that the jurors took the former view of the case, the trial judge the latter.

 The expert witnesses were in sharp disagreement. Inasmuch as the symptoms indicative of plaintiff's condition were almost entirely subjective, the credibility of plaintiff and the soundness of the opinion of the experts presented questions which were exclusively for the triers of the facts, the jury in the first instance, and upon motion for a new trial the trial judge. These are not questions for a reviewing court. The trial judge was of the opinion that the verdict was

contrary to the weight of the evidence. So believing, it was his duty to either reduce the damages as a condition to denying the motion, or to grant a new trial. ▮ It is not within our jurisdiction to decide that the trial judge arrived at an erroneous conclusion as to the credibility of the witnesses and the weight of the evidence. Much less may we go further and hold that his conclusions upon the factual aspects of the case were so palpably erroneous as to render the order an abuse of discretion. Our question is whether a verdict for an amount considerably less than that awarded would have had reasonable and substantial support in the evidence. (*Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357 [170 P.2d 465] ; *Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305 [163 P.2d 689] ; *Williams* v. *Field Transportation Co.,* 28 Cal.2d 696 [171 P.2d 722].) A smaller verdict would not have been inadequate as a matter of law.

While the brief of the appellant contains a lengthy discussion of the evidence in justifying the amount of the verdict, it does not recognize the limitations of the powers of a reviewing court in considering an appeal from an order granting a new trial upon the ground of insufficiency of the evidence. ▮ It is elementary that a ruling upon a motion for new trial will not be disturbed except upon a clear showing of abuse of discretion. ▮ The brief erroneously assumes that this court has the same authority as the trial judge had in ruling on the motion. It is not contended that a verdict in a smaller amount would have been unreasonable, but only that the verdict was not unreasonably large, which of course is not the question before us. However, any argument that might have been made to the contrary of the views we have expressed would have been unavailing. ▮ It was not only proper for the trial judge to weigh the evidence on the motion for new trial but it was his duty to do so and to reduce the amount of the verdict by conditional order or to grant a new trial if he was satisfied that the verdict was unreasonably large.

▮ It is equally clear, however, that a new trial should be limited to the issue of damages. There is no doubt whatever that the negligence of the defendant was the sole cause of the accident. There was evidence that he had been drinking but was not intoxicated, and that he had been working for 48 hours with very little sleep. Defendant testified that he relaxed a little "and just dozed off," and remembers nothing after that until the collision occurred. Upon the motion for a new trial defendant's argument was limited to the ground

of excessive damages. No other ground is discussed in the briefs. The evidence of negligence is so clear as to render it improper to submit that issue again to a court or jury.

The order is modified and a new trial is directed to be had upon the sole issue of damages.

Wood (Parker), J., and Vallée, J., concurred.