[Civ. No. 8944.   Third Dist.   Feb. 21, 1957.]

KERMIT QUINN, Respondent, v. WILLIAM LYLE LITTEN et al., Appellants.

LOUIS ALLOWAY, Respondent, v. WILLIAM LYLE LITTEN et al., Appellants.

Stammer, McKnight & Barnum and Galen McKnight for Appellants.

C. Ray Robinson and Bruce Walkup for Respondents.

WARNE, J. pro tem.*—An accident occurred at the intersection of 16th and R Streets in the city of Merced when an automobile driven by Roy Harris struck the side of a trailer which was attached to a truck, owned by the defendant F. N.

*Assigned by Chairman of Judicial Council.

Rumbley Company, which was being driven at the time by the defendant Litten. After the impact, the truck and trailer continued on and at some point within a distance of approximately 200 feet the trailer became detached from the truck, swung to the right off the street and struck a pile of lumber owned by the Yosemite Builders Supply Company. Said company brought suit in the justice court for damages to its property and recovered damages jointly against Harris, F. N. Rumbley Company and Litten. When the accident occurred Kermit Quinn and Louis Alloway, plaintiffs in the instant action, were passengers in the Harris automobile. Both were injured and both brought separate actions against Litten and F. N. Rumbley Company to recover damages for the injuries they allegedly received as a proximate result of defendants' negligence. The first two causes of action of each complaint contain the usual allegations of negligence, proximate cause, injury and damage. Each complaint also contains a third cause of action which alleges, in substance, that the judgment in the justice court action was a final and conclusive adjudication of the liability of defendants and that defendants were thereby estopped from further litigating their liability to plaintiffs.

By stipulation of the parties the claim of res judicata, as set forth in the third cause of action of each complaint, was tried before Judge Sischo without a jury, separate from and prior to the trial of the case on its merits under the first and second causes of action; and upon the trial of that issue the court ordered that the doctrine of res judicata did apply, and that the defendants were barred from attempting to again litigate the question of liability to plaintiffs. Thereafter, the cases were tried before Judge Maushart, with a jury, upon the issue of damages only, and a judgment against defendants was entered in each case. The defendants have appealed from the judgments.

At the trial of the issue presented by the third cause of action there was offered in evidence the stipulation, the official file of the justice court pertaining to the Yosemite Builders Supply Company case and the reporter's transcript of the testimony taken at said trial. No further evidence was offered. The complaint in the justice court charged that plaintiffs' damages were caused through the joint negligence of Harris, Litten and F. N. Rumbley Company. At the trial Litten was questioned at some length as to the manner in which he operated his truck after the collision, and as to

when the trailer left the street before crashing into the pile of lumber. There were no findings of fact made in the justice court as to whether the damage was solely the result of the collision between the vehicles. The parties in the case at bar stipulated "that as a result of said collision and subsequent thereto said trailer became detached from said truck," and went through Yosemite Builders' fence and struck its lumber. The parties disagree as to the meaning and effect of the stipulation—that is, as to whether it precludes the defendants from claiming that the judgment in the justice court might have been based upon something which the driver did or failed to do after the automobile and trailer collided at the street intersection, and therefore did not necessarily adjudicate that the negligence of Litten was a proximate cause of the collision of the two vehicles by which collision alone respondents were injured. Respondents contend that no such construction can be placed upon the stipulation, and that defendants cannot dispute the facts to which they have agreed. They cite the following cases in support of this contention: *Capital Nat. Bank* v. *Smith,* 62 Cal.App.2d 328, 343 [144 P.2d 665] ; *Steele* v. *Steele,* 132 Cal.App.2d 301, 303 [282 P.2d 171] ; *Hart* v. *Richardson,* 134 Cal.App.2d 242, 246 [285 P.2d 685]—that a party is estopped from questioning the effect of his own stipulation. However, as stated in *Orr* v. *Forde,* 101 Cal.App. 694, 699 [282 P. 429] :

". . . To give the stipulation the effect contended for by respondent would be to deprive the appellant of an important defense interposed by him. . . . 'The stipulation [made for the purpose of expediting the trial of an action] is to be interpreted with reference to its subject matter, in the light of the surrounding circumstances, including the state of the pleadings, the allegations therein and the attitude of the parties in respect of the issues.' "

The stipulation does not in effect state that the collision was the sole cause of the trailer colliding with the lumber; nor did defendants waive any of their affirmative defenses. If such were true, it would amount to a stipulation that the doctrine of res judicata was applicable and disposed of the entire question of liability.

As stated in *Hardy* v. *Rosenthal,* 2 Cal.App.2d 442, 445 [38 P.2d 412] : ". . . to constitute a judgment in one case a bar to the prosecution of a second action, there must have been an identity of a question litigated in the two cases which would form the basis of a recovery in the second case." In

the instant case, the material questions, other than the measure of damages, are: Was Litten, the truck driver, guilty of negligence that proximately caused the damages to the plaintiffs? Was Harris, the driver of the automobile in which the two plaintiffs were passengers, guilty of contributory negligence imputable to plaintiffs. The collision between the two vehicles occurred within the street intersection, and the question of negligence and contributory negligence might well have been determined by the actions of the two drivers up to the moment their vehicles came together. There is nothing in the case of *Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892], relied upon by respondents, that is contrary to the law as stated herein when applied to the facts of this case.

The evidence taken at the trial in the justice court may have caused the court in that case to conclude that the collision was caused by the negligence of Harris but that, after the collision and before the trailer actually became detached from the truck, the truck driver did something which a reasonably prudent person would not have done, or failed to do something which a reasonably prudent person would have done, and by such negligence he permitted the trailer to crash into the lumber. What the truck driver did, or failed to do, after the collision of the vehicles at the street intersection might have constituted negligence that would support a recovery in the Yosemite Builders Supply Company case and in no manner have contributed to the actual collision. (*Hardy* v. *Rosenthal, supra.*)

Respondents likewise contend that by their stipulation appellants waived their defense of joint enterprise, agency and contributory negligence. The stipulation provides: ". . . that . . . if the court should decide that the doctrine of res judicata or estoppel by judgment is applicable herein, these actions shall be set for trial, and shall be tried, on the sole issues of the nature and extent of the injuries, if any, suffered by the plaintiffs in connection with said automobile accident and of the damages, if any, which the plaintiffs are entitled to recover herein and that, by proceeding to trial on said issues of injuries and damages, *the defendants shall not be deemed to waive their claim that said doctrine of res judicata or estoppel by judgment does not apply herein.*" This language makes it clear that the defendants were not waiving any rights they had to appeal and therein to claim error in the trial court's decision that the rule of res judicata fastened

liability upon them. By the order of the trial court, defendants were barred from attempting to litigate the question of liability on the merits. It is our conclusion that the court erred in so holding and also in ruling that the question of defendants' liability was determined by the judgment in the justice court.

Since it appears that the question of the amount of damage sustained by each plaintiff has been determined, there appears to be no reason for a retrial on that issue. The judgment in each case is sustained as to that issue. The judgments insofar as the issue of liability is concerned are reversed and remanded for a new trial on the issue of liability alone.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied March 22, 1957, and respondents' petition for a hearing by the Supreme Court was denied April 17, 1957. Carter, J., was of the opinion that the petition should be granted.