[L. A. No. 26178. In Bank. Apr. 20, 1961.]

INEZ R. LITTLE, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY et al., Respondents; SAFEWAY STORES, INC. (a Corporation), Real Party in Interest.

Brown & Grisham and Jack E. Grisham for Petitioner.

No appearance for Respondents.

Jacobs, Jacobs, Nelson & Witmer and Robert H. Jacobs for Real Party in Interest.

GIBSON, C. J.—Inez Little brought an action against Safeway Stores, Inc., to recover damages for personal injuries. At the pretrial conference it was stipulated that the issue of liability be tried separately from the issue of damages. A jury trial was had on the issue of liability, and following a verdict in favor of plaintiff the clerk was directed to withhold the entry of a judgment on the verdict until such time as the issue of damages had been determined. During the trial on the issue of damages, which was had before the same jury that found defendant liable, the court declared a mistrial because a medical witness referred to an "insurance report" in his testimony.[1]

---

[1] The mistrial was declared under the following circumstances: Upon cross-examination by defendant Safeway plaintiff's doctor was shown a document which he identified as a medical report that he had submitted at the request of the defense. This document was introduced into evidence by Safeway. Upon redirect examination by the attorney for plaintiff, the following questions and answers were given: "Q. Dr. Gray, I just have one question. This report which Mr. Jacobs [attorney for defendant] has asked you about which says 'No fractures seen' is dated October the 24th, 1958, and the first written report that you made on Mrs. Inez Little appears to be dated November the 29th, which is a little over a month later. Now, had anything changed between the time that you wrote this report in which you indicated 'No fractures seen' until the time you wrote the report on November

Plaintiff then moved to have the case set for trial on the issue of damages only and for an order directing the clerk to enter judgment on the issue of liability. The motions were denied, and an order was made directing that the case be tried anew in its entirety. By the present petition plaintiff seeks a writ of mandate to compel the superior court to reset the case for trial on the issue of damages only and to compel the clerk to enter judgment in her favor on the issue of liability.

In explanation of the trial court's action, Safeway attached to its answer to the petition a copy of a memorandum by the trial judge from which it appears that he did not exercise or purport to exercise any discretion in directing a trial on all issues and that he made the order because he believed that he was without power to permit another jury to pass upon the issue of damages. In the memorandum the judge stated that there is no statute or case law authorizing one jury to decide part of the issues of a civil case and another to decide the balance except where a new trial is granted on a limited issue. He relied upon cases cited in California Jury Instructions, Civil, under instruction Number 11, as supporting the rule that nine certain jurors must agree upon both liability and damages.[2] (*Earl* v. *Times-Mirror Co.*, 185 Cal. 165, 182-186 [196 P. 57] [9 jurors voted for compensatory damages and 10 for punitive damages but only 7 jurors concurred in both] ; *Nelson* v. *Superior Court*, 26 Cal.App.2d 119, 120-123 [78 P.2d 1037] [general verdict dependent upon special verdict; 9 jurors voted in favor of both verdicts but only 8 who voted for the general verdict also concurred in the special verdict] ; *Balero* v. *Littell*, 124 Cal. App. 190, 191-193 [12 P.2d 41] [erroneous instruction contrary to rule that same jurors must find defendants negligent and decedent not guilty of contributory negligence] ; see also *Schoenbach* v. *Key System Transit Lines*, 168 Cal.App.2d 302, 305 [335 P.2d 725] [jury instructed that at least 9 identical

---

the 29th? A. Yes. Q. And what was that? A. Well, I myself was not too much convinced that there was a fracture at the time that the initial insurance report was sent in, which is now exhibited and accorded, with the subsequent x-rays taken; however, on the lateral projection and the crack disappearing, as I have testified to, I then felt that the diagnosis of a fracture of the anterior pole of the patella was justified."

[2]Instruction Number 11 reads in part that "before you may return a verdict to the court, at least nine certain jurors must agree on it in its final and complete form, so that each of the nine or more may be able to state truthfully that the verdict is his."

jurors must agree upon liability and amount of damages].)
In all of these cases the issues were presented to the jury in
a single trial, and they are therefore distinguishable from
one in which the parties have stipulated there should be
separate trials of the issues of liability and damages.

 Nor is section 626 of the Code of Civil Procedure,
relied on by Safeway, applicable here. That section, which
provides that when a verdict is found for plaintiff in an ac-
tion for recovery of money the jury must also find the amount
of the recovery, is designed to assure litigants the right to
have the jury determine issues of fact (*Engelberg* v. *Se-
bastiani*, 207 Cal. 727, 730-731 [279 P. 795]), and it does not
require that the same jury determine both liability and dam-
ages where, as here, it has been stipulated that those issues
may be tried separately.

 An appellate court has power to remand cases for
trial on a single issue such as damages (*Brewer* v. *Second
Baptist Church*, 32 Cal.2d 791, 801-803 [197 P.2d 713]), and
a trial court may grant a new trial as to damages alone (see
Code Civ. Proc., § 657; 3 Witkin, California Procedure (1954)
2087-2088). In those instances it is obvious that the issue
of damages will be tried by a different jury from the one
that determined the issue of liability, and no good reason
appears why the trial court in this case, after declaring a
mistrial on the issue of damages, should not have power to
order a trial of that issue before another jury. The parties
should not be required to relitigate an issue that has been
determined pursuant to a stipulation that it should be sepa-
rately tried. Such a retrial of both issues would unnecessarily
add to the burden of already overcrowded court calendars
and would be unduly harsh on plaintiff in the present case.

 Although the courts have condemned the action of an
attorney who intentionally brings the fact of insurance before
a jury, the condemnation does not extend to cases where the
information is disclosed incidentally during an attempt to
prove other facts or where the record does not show that the
particular answer was sought or anticipated. (*Packard* v.
*Moore*, 9 Cal.2d 571, 580 [71 P.2d 922]; *Flynn* v. *Grand
Central Public Market, Inc.*, 176 Cal.App.2d 243, 246-247
[1 Cal.Rptr. 237]; see 2 Witkin, California Procedure (1954),
1737-1739.) Here, as we have seen, a mistrial was declared
because a medical witness referred to a document as an "in-
surance report." The information was volunteered by the
witness, and it does not appear that plaintiff sought to show

the existence of insurance or anticipated that it would be mentioned.

 Plaintiff is not entitled at this stage of the proceedings to require the clerk to enter judgment in her favor on the issue of liability, but she is entitled to a writ to compel the court to reset the case for trial on the issue of damages alone.

Let a peremptory writ of mandamus issue directing the superior court to set the case for trial on the issue of damages only.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.