[Civ. No. 7328. Fourth Dist. Oct. 29, 1964.]

*SAM BERG, Plaintiff and Respondent, v. HERMAN SONEN et al., Defendants and Appellants.

*Reporter's Note: This case was previously entitled ''Berg v. Wright.''

Dryden, Harrington, Horgan & Swartz and Vernon G. Foster for Defendants and Appellants.

McBain & Morgan and James L. Roper for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

BROWN (Gerald), J.—The plaintiff Sam Berg, a business invitee in an automobile driven by defendant Herman Sonen was injured in a collision with an automobile driven by defendant James Wright. Sonen was an employee of defendant Certified Industrial Properties, Inc., and at the time of the collision was acting within the scope of his employment. Berg brought this action against Sonen, Certified Industrial Properties, Inc., and Wright. The jury returned a verdict for Berg in the sum of $21,500 against Sonen and Certified Industrial Properties, Inc., only. Wright was held not liable. Berg's motion for new trial was denied as to Wright and granted as to Sonen and Certified Industrial Properties, Inc., limited to the question of damages. The trial court ruled that the evidence was insufficient to support the verdict in that the damages awarded were inadequate.

Although defendants Sonen and Certified Industrial Properties, Inc., have appealed from the judgment their arguments have been limited to the order granting the partial new trial. They contend that the verdict was one in which the issues of liability and damages were compromised and therefore the court abused its discretion in granting a new trial limited to damages.

The question of granting a limited new trial is addressed in the first instance to the sound discretion of the trial court (*Cary* v. *Wentzel,* 39 Cal.2d 491, 492 [247 P.2d 341]). In the usual case the granting of a partial new trial is a proper exercise of discretion when the sum awarded is substantial and to an extent compensatory though insufficient, but not so negligible that it appears that the jury has bargained grossly inadequate damages for nonexistent liability. (*Woods* v. *Eitze,* 94 Cal.App.2d 910, 915 [212 P.2d 12].) It is presumed that in passing on the motion the judge has weighed the evidence and the possibility of prejudice to the defendant. His decision will not be reversed on appeal unless an abuse of discretion is shown (*Leipert* v. *Honold,* 39 Cal.2d 462, 467 [247 P.2d 324, 29 A.L.R.2d 1185]). However, abuse is shown where: (1) the question of

liability is close; (2) the damages awarded are grossly inadequate; and (3) other circumstances indicate that the verdict was the result of prejudice or an improper compromise. (*Leipert* v. *Honold, supra,* 39 Cal.2d 462; *Rose* v. *Melody Lane,* 39 Cal.2d 481 [247 P.2d 335] ; *Cary* v. *Wentzel, supra,* 39 Cal.2d 491; *Hamasaki* v. *Flotho,* 39 Cal.2d 602 [248 P.2d 910].)

In considering the issue of liability, resolving all conflicts in favor of the determination below, the record reveals substantial evidence to support the jury's finding that Sonen was negligent in crossing the intersection of the Riverside Freeway and La Palma. Sonen had stopped behind a Pontiac on the south side of the eastbound lane of the freeway. He started across following the slow-moving Pontiac. When he was in the middle of the eastbound lane, he first observed Wright's car moving in his direction about 800 feet away in the westbound lane. He testified at that time he had no conception of the speed of the oncoming car. It was established Wright was traveling between 50 and 60 miles per hour. Upon reaching the wide center divider of the freeway Sonen again observed Wright's car about 500 feet away. Without stopping Sonen followed the slow moving Pontiac across the westbound lane. He could not accelerate because the Pontiac was blocking the way ahead. A witness, driving a car about 10 lengths behind Wright's car, estimated he first saw Sonen's car in the intersection when about a block away.

From this evidence, bearing in mind that there was room at the center divider where Sonen could have waited in safety for Wright's car to pass, and the additional hazard of following the slow-moving Pontiac, the argument that the issue of Sonen's liability was close or difficult to resolve is not substantiated by the record.

Although the evidence indicates that the jury might reasonably have found that Wright was also negligent, we are not concerned with that issue. Uncertainty concerning Sonen and Certified Industrial Properties, Inc.'s liability is the controlling question, not uncertainty arising in connection with the possible liability of Wright. (*Rose* v. *Melody Lane, supra,* 39 Cal.2d 481, 488-489.)

On the question of inadequacy of damages the jury verdict was $21,500. The undisputed medical expenses were $3,202.10. Berg had introduced evidence of his loss of earnings due to the injuries. His highest estimate was $33,600, the lowest $19,200. Accepting the lowest estimate the defendants argue the verdict is less than Berg's special damages, thus

indicating a compromise verdict. This reasoning is untenable. The question of loss of earnings was sharply disputed at the trial. The record does not indicate what portion of the $21,500 verdict was allocated by the jury to medical, loss of earnings or general damages. In all events the verdict was $18,297.90 in excess of the undisputed medical expenses.

The record is also lacking in other respects which would show the verdict was the result of possible prejudice or compromise. ██ It is not argued that the jury deliberated for an unusual length of time, that they were confused by the court's instructions, or that the verdict was less than unanimous. These are important factors to weigh in determining that a verdict is compromised. (*Haynes* v. *Hunt,* 208 Cal. App.2d 331, 337 [25 Cal.Rptr. 174].) Sonen and Certified Industrial Properties, Inc., point out that evidence was admitted as to the severity of Wright's injuries, and that the jury knew that Wright's wife died as a result of the collision. Although these factors have some possible relationship to the verdict in favor of Wright it cannot be reasonably asserted that they indicate a compromise of the verdict against Sonen and Certified Industrial Properties, Inc.

The authorities cited by Sonen and Certified Industrial Properties, Inc., to illustrate the granting of the partial new trial was an abuse of discretion, are distinguishable.

In *Leipert* v. *Honold, supra,* 39 Cal.2d 462, the jury awarded the plaintiff $1,200 for severe injuries suffered in an automobile collision. Several critical facts on the issue of liability were in severe conflict. The opinion states the jury had great difficulty with them. They deliberated for over 13 hours. During the course of deliberation they requested that material testimony on the issue of liability be reread. At one point they brought in a verdict which, when the jury was polled, could not stand because more than three answered it was not their verdict. There was no real dispute as to damage. The only testimony in that regard was introduced by the plaintiff. Under these circumstances the Supreme Court concluded:

". . . that the record . . . so strongly indicates that the inadequate verdict for Denny Leipert was the result of compromise that it would be unjust to defendants to have a new trial limited to the issue of damages." (P. 470.)

In *Rose* v. *Melody Lane, supra,* 39 Cal.2d 481, a patron of defendant's bar was severely injured when the stool on which he had just sat collapsed. The defendant made a strong

showing that the collapse resulted from a latent defect of which it had no knowledge and for which it could not reasonably be held responsible. There was additional evidence that the defendant had done everything required to keep the premises in good condition. On the other hand, since the type of defect was virtually impossible to detect, the plaintiff relied on the theory that the owner should be required to take extra precautions, and upon the doctrine of res ipsa loquitur.

The jury awarded the plaintiff $1.00 general damages, $250 special damages, over $100 less than the undisputed medical expenses. The court stated: ''When the jury fails to compensate plaintiff for the special damages indicated by the evidence, and despite the fact that his injuries have been painful, makes no award or allows only a trifling sum for his general damages, the only reasonable conclusion is that the jurors compromised the issue of liability, and a new trial limited to the damages issue is improper.'' (P. 489.)

In *Cary* v. *Wentzel, supra,* 39 Cal.2d 491, the plaintiffs, husband and wife, suffered severe injuries in an automobile collision. The jury awarded them $1,000, an amount less than the undisputed medical expenses. The issue of liability turned on which of the defendants was driving on the wrong side of the road. Because of the nature of the evidence the court found the issue for the jury to decide was exceptionally difficult. An additional circumstance, the fact that the jury returned an inconsistent verdict against one of the coplaintiffs, was considered as a strong indication that the issue of liability had been compromised.

In *Hamasaki* v. *Flotho, supra,* 39 Cal.2d 602, a small boy was severely injured when struck by a car driven by defendant when he darted out in front of a parked car. There was evidence that defendant was negligent, but the opposing evidence was ample to uphold a contrary finding. The court recognized the difficult question that faced the jury. Although the injuries to the plaintiff were severe the jury awarded only $1,000. Of this amount $817.10 was stipulated special damages, thus only $182.90 was allowed for general damages. In view of the nature of the plaintiff's severe injury the court said: ''The conclusion is inescapable that the verdict was not the result of an effort to assess the pecuniary value of Toshio's [the injured child] suffering.'' (P. 606.)

Another circumstance indicating compromise was the fact that the judge stated he would deny the motion for a new trial if the defendants would consent to a judgment of

$7,500. This proposal allowed $6,682.90 for general damages —more than 36 times the amount allowed in the verdict. The court observed: "The great disparity between the jury's determination and that of the judge provides an additional and striking indication that the jurors could not agree on the liability issue and that those who believed defendants were liable consented to inadequate damages in return for the votes of those who had decided that defendants should pay nothing." (P. 607.)

In *Murphy* v. *Wilson,* 141 Cal.App.2d 538 [297 P.2d 22], the plaintiffs, a father and two small daughters, were injured in an automobile collision. The appellate court concluded that the evidence presented a difficult question on the issue of liability. The jury returned a verdict for the father of $142.50, awarding no damages to the children. This was $280.70 less than the undisputed medical expenses. The jury deliberated for about five hours and returned with a nine to three verdict for the father and the children. The court felt the fact the jury found in favor of the children but did not award even nominal damages indicated a compromise verdict.

These cases illustrate that aggravated circumstances, forcefully showing the liability issue is compromised, must appear before the appellate court will interfere with the discretion of the trial court.

The present case does not meet the established standard by which we may conclude the jury verdict was the result of compromise.

As a final point the defendants argue an erroneous evidentiary ruling contributed to the abuse of discretion in granting a partial new trial. They point out that the test of Sonen's liability is in part dependent upon the subjective belief that he could cross the intersection safely. On cross-examination part of a statement made by Sonen at a former hearing was read. At that time Sonen said he did not know why he did not stop in the intersection. The defense was not permitted to read another portion of the same transcript in which Sonen had said the reason he did not stop was because there was no danger and he thought he had plenty of time. It is to be noted when Sonen was questioned later by his own counsel he testified that he did not sense any danger or particular hazard at the time.

The defendants cite code of Civil Procedure, section 1854 which provides in part that: "[W]hen a detached act, declaration, conversation, or writing is given in evidence, any

other act, declaration, conversation, or writing which is necessary to make it understood, may also be given in evidence.''

Decisions have qualified this section, however, to the extent that the court may in its discretion exclude those portions of a statement which in no way tend to explain the inconsistency between the admission of a party and his testimony. (*Witt* v. *Jackson*, 57 Cal.2d 57, 67 [17 Cal.Rptr. 369, 366 P.2d 641].) The testimony which Sonen was not allowed to introduce did not explain his earlier statement that he did not know why he had not stopped. The court did not abuse its discretion in disallowing the testimony. Furthermore, Sonen testified directly on the subject. It is well settled: ''. . . rulings excluding testimony are harmless when the evidence is otherwise fully developed by the same or other witnesses.'' (*Larimer* v. *Smith*, 130 Cal.App. 98, 104 [19 P.2d 825].)

The judgment is affirmed on the issue of liability; the order granting a partial new trial against Sonen and Certified Industrial Properties, Inc., is affirmed on the issue of damages; respondent Berg to recover costs against appellants.

Griffin, P. J., and Coughlin, J., concurred.