[Civ. No. 25047.   First Dist., Div. Three.   June 19, 1969.]

GEORGE W. HATCH, Plaintiff and Respondent, v. DICK LEWIS, Defendant and Appellant.

Channell, McNamara & Lewis, Daniel J. McNamara and Richard G. Logan for Defendant and Appellant.

Goodman, Herbert & Lucas and F. Richard Lucas for Plaintiff and Respondent.

DRAPER, P. J.—Jury verdict was for plaintiff for $500. On motion for new trial, the court directed additur of $2,000 (*Jehl* v. *Southern Pac. Co.*, 66 Cal.2d 821 [59 Cal.Rptr. 276, 427 P.2d 988.]), raising the total award to $2,500, and granted new trial, limited to the issue of damages only, if defendant did not accept the additur. Defendant did not accept, but appealed.

Although the notice of appeal runs to the judgment as well as the order granting limited new trial, appellant's brief states that he does not prosecute the appeal from the judgment. Thus there is no attack on the adequacy of the evidence to support the verdict and judgment.

Rather, defendant-appellant argues that the new trial should not have been limited to the issue of damages only, but should have been granted as to all issues.

Limitation of new trial to the issue of damages is within the sound discretion of the trial court, but that discretion is abused if "the question of liability is close, if the damages are grossly inadequate, and if there are other circumstances which indicate that the verdict was the result of prejudice or an improper compromise" (*Hamasaki* v. *Flotho,* 39 Cal.2d 602, 605 [248 P.2d 910]; *Leipert* v. *Honold,* 39 Cal.2d 462 [247 P.2d 324, 29 A.L.R.2d 1185]; *Cary* v. *Wentzel,* 39 Cal.2d 491 [247 P.2d 341]).

A core question is whether it can reasonably be said that "the liability issue has been determined by the jury" (*Hamasaki* v. *Flotho, supra,* at pp. 606-607). If so, the limited new trial may be granted. Otherwise, the limitation is error.

Of course, failure of the jury to allow the full amount of undisputed special damages "is usually convincing evidence that the jury failed to make a decision of the liability issue," but "gross inadequacy of unliquidated general damages may be just as convincing" (*id.*).

Plaintiff was injured when, leaving defendant's auto sales-room, he walked into a glass door which he thought was open. The doorway consisted of two sliding panels of glass. There was conflicting evidence as to what decals were on the glass at the time of the accident. Plaintiff suffered cuts upon the fore-head and legs, which required suturing. He was 34 years old, an air force enlisted man, married, and had one child. He was awaiting transfer to overseas duty. He has a permanent scar, about 1½ by 1½ inches on his left forehead. He spent four days in the hospital at a cost of $188, and lost $153 in expected income from a part-time employment. The jury award of $500 thus allowed $159 for general damages.

■ Defendant argues that this award is so grossly inade-quate, as to establish that the jury did not in fact determine liability. We cannot agree. The conflicting evidence as to objects which might have impeded plaintiff's view of the door are not particularly material, since plaintiff walked at a normal pace and the nearest of those objects was some three feet from the door. Plaintiff, from previous visits, knew the door was there. The real issue was whether the glass was so marked by stickers as to give reasonable notice that the door was closed. The claimed markings consisted of a sticker 6 inches square near the door handle and the reverse side of a decal some 2½ inches by 8 inches. Admittedly the decal faced outward, and from the direction of plaintiff's approach was a mere off-white color. The larger sticker is shown in a photo-graph introduced in evidence by defendant. This was availa-ble for jury study. The jury did not have the problem, pre-sented in the three decisions cited above, of determining the location and operation of moving vehicles. It needed only to determine whether a stationary object was adequately marked to give reasonable notice of its presence.

Only two witnesses were called. All the evidence was intro-duced in a short day, with arguments being made the next morning. The jury was out a maximum of 65 minutes (the reporter's transcript indicates somewhat less). It did not request further instructions or the reading of any testimony. The jury was not polled, but no dissent was registered when the clerk, after reading the verdict, asked, ''So say you all?'' There was but little evidence of pain and suffering. No medi-cal witness was called, and the sole evidence of any permanent effect of the injuries was the jury's view of the scar on plain-tiff's forehead.

The trial judge felt that these circumstances indicated that

the jury had no difficulty with the grounds of liability. We cannot disagree.

Rather, the difference between judge and jury seems to lie in evaluation of cosmetic damage to a 34-year-old married serviceman otherwise unimpeded by his injuries.

It is true that the trial judge's estimate of general damages was $2,159, some 13 times that allowed by the jury. Appellant points to appellate emphasis upon a trial judge's estimate more than 36 times that allowed by the jury (*Hamasaki* v. *Flotho, supra,* 39 Cal.2d 602, 607). But *Hamasaki* (p. 606) also points out that the "convenience of a mechanical formula" does not govern these cases. While the multiplication tables may, as in *Hamasaki,* be of aid in determining the issue, they are not the sole determinant. We must look to all the circumstances of the case. Doing so, we conclude that the deficiency in damages awarded by the jury does not indicate any compromise or failure to determine the issue of liability, but was wholly due to inadequate evaluation of the cosmetic injury suffered, and that the inadequacy of award, while clear, is by no means gross (see, e.g., *Berg* v. *Sonen,* 230 Cal.App.2d 434 [41 Cal.Rptr. 37]; *Woods* v. *Eitze,* 94 Cal. App.2d 910 [212 P.2d 12]).

The order granting new trial as to damages only is affirmed. Appeal from judgment dismissed.

Brown (H. C.), J., and Caldecott, J., concurred.