[Civ. No. 25273.  First Dist., Div. One.  Feb. 19, 1970.]

A. M. BAXTER, Plaintiff and Respondent, v.
L. DUDLEY PHILLIPS et al., Defendants and Appellants.

[Civ. No. 25411.  First Dist., Div. One.  Feb. 19, 1970.]

C. H. UNDERHILL et al., Plaintiffs and Respondents, v.
L. DUDLEY PHILLIPS et al., Defendants and Appellants.

(Consolidated Cases.)

**COUNSEL**

Rawles, Nelson, Golden, Poulos & Hinkle and John J. Golden for Plaintiffs and Respondents.

Thomas C. Lynch, Attorney General, R. H. Connett, Deputy Attorney General, Bell & Cox and Conrad L. Cox for Defendants and Appellants.

**OPINION**

SIMS, J.—Defendants, L. Dudley Phillips and the State of California, have appealed from an order granting a new trial to the plaintiffs in each of two actions which have been consolidated for trial and for purposes of this appeal.

The jury returned a general verdict in favor of the defendants,[1] and,

---

[1] The general verdict submitted to the jury (see fn. 2 below) and returned at the conclusion of its deliberations recited that "We . . . find for the defendants . . . and against the plaintiffs . . . ," naming only the plaintiffs in one action. It is suggested by the plaintiffs that the failure to mention the plaintiff in the second action was a fundamental error necessitating a complete new trial. It is clear from the instructions of the court, "And, if your verdict is for both defendants, this is the form you will sign" (see fn. 2 below), and from the colloquy between the judge and the jury when the verdict was returned, that the verdict was correctly interpreted as being against both defendants. The jury returned the special verdict form, and did not use the general verdict form for setting forth damages. The foreman's remarks, which

pursuant to the instructions of the court, a special verdict setting forth its findings with respect to the damages suffered by the plaintiffs in each action in itemized form. The sole issue raised by the defendants on appeal is whether or not it was error for the trail court to grant a new trial on the issue of damages. Since neither the plaintiffs nor the defendants requested or suggested to the trial court that any order granting a new trial be limited to the issue of liability, the true issue is whether the court erred as a matter of law in granting a new trial on all of the issues. The record reveals that the lower court was never required to pass upon the question of the sufficiency of the evidence to sustain the findings with respect to damages contained in the special verdict. The evidence on the question of damages was conflicting, and does not indicate that the findings of the jury must be sustained as a matter of law. The order granting a new trial on all of the issues must, therefore, be affirmed.

*Statement of the Case*

By his complaint in 1 Civil 25273, A. M. Baxter, the owner of a ranch in Mendocino County, sought damages for injury to his property resulting from a fire which, by permit of and with assistance from defendant, State of California, was conducted by defendant L. Dudley Phillips on his property and subsequently spread to plaintiff Baxter's adjoining property. In 1 Civil 25411, plaintiffs C. H. Underhill et al., the owners of grazing rights on the Baxter ranch, sought damages for destruction of their livestock feed as a result of the same fire. Both complaints predicated defendants' liability on theories of negligence, nuisance, and strict liability.

At the trial conflicting evidence was received to support these theories and concerning the nature of, the existence of and the amount of the various items of damage claimed by the plaintiffs.

At the conclusion of the trial, a conference was held in chambers between court and counsel concerning the instructions which the court would give. At that time the court indicated that it would instruct the jury only on the negligence theory of liability and would itself decide as a matter of law whether defendants were liable to plaintiffs on the theory of either nuisance or absolute liability. In accordance with this conclusion the court indicated that it would submit to the jury a form on which they would be required, in the event they found for defendants on the issue of liability, to assess the amount of damages sustained by plaintiffs as to each of the various items of damage which they claimed.

In addition, the court indicated that it would determine as a matter of

called attention to the omission in the form of the verdict for the defendants, were erroneously disregarded by the judge on the apparent supposition that the foreman was referring to the heading and not to the body of the verdict.

law whether double damages should be awarded for any of the items of damages which the jury might award to plaintiffs. Accordingly, the court concluded that it would submit a special verdict form to the jury with the instruction that if the jury found for plaintiffs against defendants (or either of them) they were to assess on the special verdict form the amount of damages sustained by plaintiffs as to each of the various items of damage which they claimed.

The jury, having been instructed in accordance with these principles,[2] returned a verdict in favor of defendants (see fn. 1) and in addition returned special findings assessing the amount of damages caused by the fire as to each of the various items of damage claimed by plaintiffs. There-

[2]As to the verdict to be returned by the jury, the court instructed as follows:

"And now before you retire to the jury room I want to review the verdict forms that will go with you. They require some explanation so we will turn to that for the moment.

"Well, you are going to get three documents. The first document which I will explain has the heading of the case, and then it says: 'We, the Jury, in the above entitled action find in favor of the plaintiffs and against the defendants,' and there is an 's' in parenthesis, 'L. Dudley Phillips and State of California.' And then there is a parenthesis (Strike out the name of either of the defendants if your verdict is not against both of the defendants) 'and assess damages as follows: For the plaintiff A. M. Baxter: 1. For merchantable timber destroyed or damaged. 2. For decrease in value of remaining merchantable timber. 3. For snag falling. 4. For loss of reproduction in young trees. 5. For increase in ranch operating costs. 6. For loss of land. 7. For fire appraisal costs.' And then under that there is the following language: 'For the plaintiffs, C. H. Underhill, Grace Underhill, Ruth Brush and Ruth Brush as Administratrix of the estate of Arnett Brush, deceased, for feed loss . . . (blank).'

"There is a place for you to date it and for the Foreman to sign it.

"Now, if your verdict is for the plaintiffs and against either of the defendants, this will be the form you will use.

"And for those items of damage which you find to have occurred as a result of the fire, you will fill in an amount opposite the particular item.

"I think for clarity and. so there could be no misunderstanding about an item being overlooked, if you feel a particular item of damage has not been incurred or there is no damage for a particular item, you should probably put in a zero there.

" Then the other form of verdict, again has the case heading, and says: 'We, the Jury, in the above entitled action find for the defendants State of California and L. Dudley Phillips and against the plaintiffs C. H. Underhill, Grace Underhill, Ruth Brush, and Ruth Brush as Administratrix of the Estate of Arnett Brush, deceased.'

"And if your verdict is for both defendants, this is the form you will sign.

"Now, if your verdict is this, for both defendants, you will also fill out another document, which is headed Special Findings of Jury. Now, the document headed Special Findings of Jury will only be filled out if you return a verdict for both defendants against the plaintiffs.

"And this document is similar to the verdict form for the plaintiffs, setting forth particular items of damage.

"So that even if you find or return a verdict for both defendants, it will be necessary for you to determine the amount of damage, if any, sustained by the plaintiffs as a result of the fire, and to put those items on the special findings of the jury.

"So special findings are clipped to the verdict for both defendants, so that you will know they go together and should be filled out if you make a finding in favor of both defendants."

after, plaintiffs moved for a new trial on all of the statutory grounds. Although the motion was addressed to *"the general verdict of the jury rendered herein in favor of defendants . . . ,"* it prayed for "a new trial herein *on all of the issues."* (Italics added.) Among the grounds asserted are: "Inadequate damages, appearing to have been determined under the influence of bias or prejudice" and "Insufficiency of the evidence to justify the verdict." In their points and authorities plaintiffs asserted, "The special findings of the jury on the amount of damage caused bear no logical connection with the evidence introduced on that subject."[3]

In granting plaintiffs' motion on the ground of error in law occurring at the trial, the court, in its "Specification of Reasons," indicated that it based its order on the fact that since it had erroneously assumed that the burning permit which defendant Phillips had obtained from the State of California was valid, the court had erroneously failed to instruct the jury as to the illegality of conducting a fire in the absence of a permit, and as to the significance of certain fire regulations set forth in the Forest Practices Rules. The court concluded its "Specification of Reasons" with the following comment: "Other points were raised in plaintiffs' briefs requesting a new trial. . . . The Court before granting the motion for new trial did not have an opportunity to thoroughly consider the other points and for this reason is expressing no opinion concerning their merit or lack of merit. The reasons set forth herein are the reasons which motivated the Court to grant the new trial."

*Discussion*

The defendants' contention that the new trial should have been limited is predicated on two general propositions. The first is that a new trial may be granted "on all or part of the issues." (Code Civ. Proc., § 657. See also, *Little* v. *Superior Court* (1961) 55 Cal.2d 642, 645 [12 Cal.Rptr. 481, 361 P.2d 13]; *Leipert* v. *Honold* (1952) 39 Cal.2d 462, 466-467 [247 P.2d 324, 29 A.L.R.2d 1185]; *Robinson* v. *Muir* (1907) 151 Cal. 118, 125 [90 P. 521]; *Collins* v. *Lucky Markets, Inc.* (1969) 274 Cal.App.2d 645, 654-655 [79 Cal.Rptr. 454]; *People* ex rel. *Dept. of Public Works* v. *Mascotti* (1962) 206 Cal.App.2d 772, 776, 778 [23 Cal.Rptr. 846, 24 Cal.Rptr. 679]; *Garcia* v. *San Gabriel Ready Mixt* (1959) 173 Cal.App. 2d 355, 358-359 [343 P.2d 327]; *Crandall* v. *McGrath* (1942) 51 Cal.

---

[3]It is noted that this assertion is inconsistent with plaintiffs' companion motion for judgment notwithstanding the verdict, which presumably sought judgment for the amount of the special verdict. Acquiescence in an award of a sum considered inadequate cannot, however, be equated with a waiver of the objections to the inadequacy of that sum in the event no such award is made and the issue of liability is still to be litigated.

App.2d 438, 439 [124 P.2d 858].) The second is that a new trial should not be granted in the absence of an error that was prejudicial to the moving party. (See, *Adkins* v. *Lear, Inc.* (1967) 67 Cal.2d 882, 920-921 [64 Cal.Rptr. 545, 435 P.2d 321] [vacated on other grounds, *Lear, Inc.* v. *Adkins* (1969) 395 U.S. 653 [23 L.Ed.2d 610, 89 S.Ct. 1902]]; *Sparks* v. *Redinger* (1955) 44 Cal.2d 121, 123 [279 P.2d 971]; and *Dunford* v. *General Water Heater Corp.* (1957) 150 Cal.App.2d 260, 266 [309 P.2d 958].)

■ "The purpose of limited retrials is to expedite the administration of justice by avoiding costly repetition." (*Leipert* v. *Honold, supra,* 39 Cal.2d at p. 466. See also, *Little* v. *Superior Court, supra,* 55 Cal.2d 642, 645; *Robinson* v. *Muir, supra,* 151 Cal. 118, 125; *Garcia* v. *San Gabriel Ready Mixt, supra,* 173 Cal.App.2d 355, 359; and cf. *Jehl* v. *Southern Pac. Co.* (1967) 66 Cal.2d 821, 828-829 [59 Cal.Rptr. 276, 427 P.2d 988].) The defendants point out that from the pages of the reporter's transcript it appears that 78 percent of the testimony was addressed to the question of damages. They insist that the issues relating to the various items of damages claimed by plaintiffs were fully and fairly tried, and that since the jury returned a verdict for the defendants there could not possibly be any taint of compromise in the amounts recorded in the special verdict.

All parties agree that the decision on whether a new trial should be had on all issues or on limited issues is committed, in the first instance, to the discretion of the trial judge. (See, *Hamasaki* v. *Flotho* (1952) 39 Cal.2d 602, 604-605 [248 P.2d 910]; *Cary* v. *Wentzel* (1952) 39 Cal.2d 491, 492 [247 P.2d 341]; *Rose* v. *Melody Lane* (1952) 39 Cal.2d 481, 488 [247 P.2d 335]; *Leipert* v. *Honold, supra,* 39 Cal.2d 462, 467; *Collins* v. *Lucky Markets, Inc., supra,* 274 Cal.App.2d 645, 654; *Berg* v. *Sonen* (1964) 230 Cal.App.2d 434, 436 [41 Cal.Rptr. 37]; *Garcia* v. *San Gabriel Ready Mixt, supra,* 173 Cal.App.2d 355, 359; *Ona* v. *Reachi* (1951) 105 Cal. App.2d 758 [233 P.2d 949]; *Crandall* v. *McGrath, supra,* 51 Cal.App.2d 438, 439; and *Amore* v. *Di Resta* (1932) 125 Cal.App. 410, 414 [13 P.2d 986].) ■ When the trial judge has exercised this discretion to grant a limited new trial his action will be upheld where the issue reserved as final has been fully, fairly and separately determined by the trier of fact and no injustice will result. (See, *Little* v. *Superior Court, supra,* 55 Cal.2d 642, 646; *Berg* v. *Sonen, supra,* 230 Cal.App.2d 434, 437; *People* ex rel. *Dept. of Public Works* v. *Mascotti, supra,* 206 Cal.App.2d 772, 778; *Garcia* v. *San Gabriel Ready Mixt, supra,* 173 Cal.App.2d 355, 360; *Crandall* v. *McGrath, supra,* 51 Cal.App.2d 438, 440; and *Amore* v. *Di Resta, supra,* 125 Cal.App. 410, 415.) ■■ Similarly, an appellate court in reversing a case for an error at the trial, upon finding

that one issue, be it liability or damages, is not tainted by any error, may order a limited new trial. (See, *Hamasaki* v. *Flotho, supra,* 39 Cal.2d 602, 607; *Robinson* v. *Muir, supra,* 151 Cal. 118, 125; *Quinn* v. *Litten* (1957) 148 Cal.App.2d 631, 635 [307 P.2d 90]; and *Daggs* v. *Patsos* (Mo.App. 1953) 260 S.W.2d 794, 799.)

■ Conversely when a limited retrial might be prejudicial to either party, the failure to grant a new trial on all of the issues is an abuse of discretion. (See, *Cary* v. *Wentzel, supra,* 39 Cal.2d 491, 495-496; *Rose* v. *Melody Lane, supra,* 39 Cal.2d 481, 488; *Leipert* v. *Honold, supra,* 39 Cal.2d 462, 467; *Shurman* v. *Fresno Ice Rink, Inc.* (1949) 91 Cal.App.2d 469, 477 [205 P.2d 77]; *Keogh* v. *Maulding* (1942) 52 Cal.App.2d 17, 19-21 [125 P.2d 858].) ■ For like reason an appellate court will not grant a new trial as to limited issues when an injustice might result. (See, *Collins* v. *Lucky Markets, Inc., supra,* 274 Cal.App.2d 645, 654-655.)

In the instant case the alleged error is the failure to grant a limited new trial. In *Ona* v. *Reachi, supra,* 105 Cal.App.2d 758, the court found that it was an abuse of discretion to order a new trial on all of the issues of the case. There the trial court had granted the new trial on the ground that the evidence was insufficient to sustain the damages awarded. With regard to the issue of liability the court observed, "The evidence of negligence is so clear as to render it improper to submit that issue again to a court or jury." (105 Cal.App.2d at p. 763.) In this case, however, it cannot be said that the evidence is clear with respect to the amount to be assessed as damages for each of the items recorded in the special verdict.

In *Quinn* v. *Litten, supra,* 148 Cal.App.2d 631, the appellate court granted a new trial on the issue of liability alone. There, unlike this case, the issue of liability was a question of law, and the issue of damages had been severed and separately tried. The issue of liability was tried by one judge without a jury, and that of the damages at a jury trial. No contention was made, as is advanced by the plaintiffs in this case, that the damages as so ascertained were insufficient as against the weight of the evidence.

■ When the trial court has been called upon to exercise its discretion as to whether a limited trial should be granted, there is a ruling to be reviewed. In this case neither party made such a request in the trial court. This court would have no power to order a limited trial unless such an order should have been made as a matter of law. Such is not the case. If the lower court in this case, assuming liability had been established, had granted a new trial on the issue of damages alone it would not have been an abuse of discretion in view of the conflicting evidence on that issue. Similarly, if a request had been made that the court deny a new trial on

the issue of damages in the event it found grounds for a new trial that were related solely to the issue of liability, and such a request had been denied, the same principle would be applicable. The powers of the reviewing court should be no greater in the absence of such a request.

The defendants assert that consideration of the matters which might have warranted the grant of a new trial on the issue of damages is foreclosed because the court did not refer to such matters in its specifications of the reasons for granting the new trial. ■ This assertion gives an unwarranted effect to the requirements of section 647 of the Code of Civil Procedure. Those provisions only require that the court state the reasons for the ground on which the motion is granted. No findings or reasons are required for other grounds which have been asserted but, as in this case, have not been considered by the court.

In the cases where an appellate court has found error and accepted the finding made in the lower court on an issue not tainted by that error, the trial court has either made that finding or tacitly approved such a finding by the jury. ■ In this case the record is clear that the trial court has never reviewed the sufficiency of the evidence to sustain the jury's findings with respect to each item of damages. It would be presumptuous of this court to rule that the evidence compelled the findings made as a matter of law. It would be equally presumptuous to rule that the trial court, if requested, would have ruled that the findings on damages were sustained by the weight of the evidence, and, could stand without prejudice to plaintiffs.

It is unnecessary to consider the plaintiffs' other contentions, which were raised but not considered on the motion for new trial. The case was continued with 11 jurors when one juror became incapacitated; then another juror caused recesses because of her illness; there was a one-week delay in the middle of the trial; and the forms of special findings were not submitted to the jurors until many hours after they had commenced their deliberations. These are matters which might have influenced the trial judge to grant a new trial on all the issues if the defendants had requested him to make the ruling now sought from this court. The record fails to reveal that the trial judge was requested to make this ruling, and this court cannot say that he should have granted such a limited new trial as a matter of law.

The order is affirmed.

Molinari, P. J., and Elkington, J., concurred.